## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUAD/TECH, INCORPORATED, | ) | |
| | ) | Civil Action No. 2:09-cv-02561-ECR |
| Plaintiff, | ) | |
| | ) | Hon. EDUARDO C. ROBRENO |
| v. | ) | |
| | ) | |
| Q.I. PRESS CONTROLS B.V., | ) | |
| Q.I. PRESS CONTROLS NORTH | ) | JURY TRIAL DEMANDED |
| AMERICA LTD., INC. | ) | |
| | ) | |
| and | ) | |

PRINT2FINISH, LLC,

Defendants.

### PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

AND NOW, this _____ day of _____, 2009, upon consideration of

Defendants Q.I. Press Controls B.V. and Q.I. Press Controls N.A. Ltd., Inc.'s Emergency Motion

for A Protective Order, and any and all responses thereto, and

WHEREAS, this Court finds that (1) Discovery in this Case may require the disclosure of

confidential business information, proprietary technology, and trade secrets (hereinafter the

"Confidential Information"); (2) the unintended disclosure of trade secrets or confidential

proprietary technology and/or business information could seriously and adversely affect a

disclosing Party's business before the disclosing Party has a chance to correct or contain the

disclosure; and (3) that the Parties have an interest in the privacy and secrecy of confidential

proprietary technology and business information, which is not of a public nature or important to

the public health and safety, this Court therefore concludes that there is "good cause" pursuant to

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3rd Cir. 1994) and its progeny to justify the

issuance of this Protective order.

NOW, THEREFORE, IT IS HEREBY ORDERED and DECREED by this Court, as follows:

1.    Information That May Be Designated As Confidential.  The parties to this litigation may designate as "Confidential Information" any of the following, in accordance with Paragraph 2: (a) documents or tangible items produced by them at any time in this litigation; (b) documents or tangible items produced by a non-party in this litigation; (c) interrogatory answers, responses to document requests, and responses to requests for admissions; (d) deposition transcripts or any part thereof; and (e) access to premises for inspection or information.

2.    This Order shall not apply to information or tangible items obtained by means independent of voluntary production by another party, discovery or other proceedings in this action, provided that the acquisition of the information or tangible item has been through lawful means.  The restrictions set forth in this Order shall not apply to information or tangible items which at or prior to disclosure in this action, are or were within public knowledge through lawful means, or which, after disclosure, come within public knowledge other than the by act or omission of the one receiving the Confidential Information or its agents, consultants or attorneys.

3.    Categories of Protected Information.

A.    Basis For Designation Of Confidential Information.  Information may be designated as "Confidential" based upon a good faith belief that the information constitutes or contains information of the designating party which is not available to the general public, the public disclosure of which is likely to have the effect of causing harm to the designating party. Information may be designated as "Confidential" includes, but is not limited to, trade secrets, know-how, proprietary data and/or other technical, commercial, business or financial information.

B.    Basis For Designation Of Confidential - Attorneys' Eyes Only

Information. Information also may be designated as "Confidential - Attorneys' Eyes Only"

based upon a good faith belief that the information constitutes or contains the designating party's

highly sensitive confidential information which if placed in the hands of a competitor or potential

competitor may place the designating party at a competitive disadvantage because said

information relates to the designating party's pricing, financial records, sales strategies,

distribution strategies, manufacturing procedures, technical knowledge, algorithms, source code,

object code, firmware, component and product specifications, design specifications, unpatented

inventions, patent applications that have not yet been published, technical development plans and

notes, manufacturing secrets, secret processes, formulae, potential customers, and potential

distributors, or other confidential and proprietary information, as well as highly sensitive trade

secrets relating to the designating party's market plans in its industry. As used in this Order, and

except as otherwise set forth, "Confidential Information" includes both information designated as

"Confidential" and "Confidential - Attorneys Eyes Only."

C.    Dispute Mechanism for Modification to Categories. The parties reserve

the right to add additional areas covered under both the "Confidential" and "Confidential

Attorneys' Eyes Only" categories if a party later determines that a particular document or

tangible item should be protected by the designations but for some reason the document or

tangible item does not fall under the above categories of protected information. If a party

decides that it must modify the particular category to include or exclude a document(s), the party

shall notify the opposing party of its intention to modify the category of protected documents and

state precisely the proposed modified category. The document(s) in question should be produced

to the opposing counsel in the "Confidential-Attorneys' Eyes Only" Category. Once the

designating party requests a modification of a category to include a document, said document may only be viewed by opposing counsel in the "Confidential-Attorneys' Eyes Only" Category unless or until the court rules otherwise. Within ten (10) days of a notice, the opposing party shall notify the party requesting the modification whether or not it intends to oppose the modification. Within five (5) days of the opposing party's response, the party requesting the modification will file a motion with the court requesting a determination by the court as to whether the requested modification to either the "Confidential" category or the "Confidential - Attorneys' Eyes Only" category shall be permitted.

4.     <u>Permissible Use Of Confidential Information</u>.  Any person having access to Confidential Information shall use it only for the purposes of this litigation (including appeals); shall not disclose it to anyone other than those persons designated herein; and shall handle it in the manner set forth in this Order.  The designation of material as Confidential shall not itself affect the rights of the designator (or the designator's authorized representative) to give or disclose the Confidential Information to any person for any reason, and such giving or disclosing of confidential information shall not be deemed a waiver of this Order.

5.     "<u>Persons With Access To Information Designated as Confidential</u>."  Access to information designated as "Confidential" shall be limited to:

(a)     The parties to this litigation, including their officers, directors, employees, and former employees, to the extent necessary to assist in this litigation.  All individuals given access to Confidential Information under this paragraph shall be specifically designated by written notice to the other parties identifying each such person by name and position;

-4-

(b)     Outside and in-house counsel for the parties (including counsel's legal support staff, non-attorney employees and clerical assistants; and outside copying and graphics services as reasonably necessary to perform such services under the supervision of outside counsel of record);

(c)     The Court, court personnel, and court reporters;

(d)     Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel of record for the parties for the purpose of analyzing data, conducting studies, or providing opinions for assistance either as a consultant or testifying expert for the purposes of this litigation; and identified in accordance with the provisions set forth in Paragraph 7 below;

(e)     Persons whom counsel for the parties believes are likely to be called to give testimony on matters related to information designated as "Confidential" or who are believed to possess information necessary for the prosecution or defense of this litigation; and who are identified in accordance with the provisions set forth in Paragraph 7 below;

6.     Persons With Access To Information Designated as "Confidential - Attorneys' Eyes Only." Access to information designated as "Confidential - Attorneys' Eyes Only" shall be limited to:

(a)     Outside counsel of record for the parties (including counsel's legal support staff, non- attorney employees and clerical assistants; and outside copying and graphics services as reasonably necessary to perform such services under the supervision of outside counsel of record);

(b)     The Court, court personnel, and court reporters;

(c)     Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel of record for the parties for the purpose of analyzing data, conducting studies, or providing opinions for assistance either as a consultant or testifying expert for the purposes of this litigation; and identified in accordance with the provisions set forth in Paragraph 7 below;

(d)     Deposition witnesses who previously had access to the Confidential Information, provided that counsel for the producing party is first given notice and an opportunity to object that the witness at issue did not previously have access to the Confidential Information at issue;

(e)     Officers, directors, and employees of the producing party; and

(f)     Any other person only upon order of the Court or upon stipulation of the party that designated the Confidential Information.

Any party disclosing Confidential Information to persons listed in Paragraph 5(a), (d) or (e), or Paragraph 6 (c), (d) or (f) shall advise such person of the existence of this Confidentiality Order and the terms herein.  Furthermore, prior to disclosing Confidential Information to the persons listed in Paragraph 5(a), (d) or (e), or Paragraph 6 (c), (d) or (f), the disclosing party shall obtain a signed declaration (in the form attached as Exhibit 1 hereto) from such person.  The executed declaration, Exhibit 1, shall be retained by the disclosing party.  Notwithstanding anything to the contrary in paragraphs 4 and 5 above, with respect to documents or things designated as Confidential Information, any person indicated on the face of the document or thing as an originator, author or recipient of a copy thereof may be shown the same, without restriction.

-6-

7.      Prior to showing any Confidential Information to any of the individuals identified in Paragraph 5 (e) or 6(c) above, the party proposing to disclose such Confidential Information shall serve on the party that produced and/or designated such Confidential Information a written "Designation" which includes: (i) the name and business address of the individual; (ii) the individuals' present occupation, employer and position; (iii) a current copy of the individual's curriculum vitae; (iv) all relationships, including consulting and expert relationships if applicable (whether in support of or adverse), to any Party in this litigation or a Party's subsidiaries, divisions, affiliates, and/or parent corporations; and (v) all relationships to any officer, director, employee, or attorney of any Party in this litigation.

(a)      Should the party that produced or designated such Confidential Information reasonably believe it would be harmed by the disclosure of Confidential Information to any individual designated, it may object to an expert's, consultant's, or other individual's receipt of Confidential Information. The objecting Party shall serve written notice of its objection upon all Parties within ten (10) business days of receiving the Designation. The parties shall confer and attempt to resolve any dispute.

(b)      If the parties are unable to resolve the objection on an informal basis, the objecting Party may request, and will have the burden of establishing entitlement to, appropriate relief from the Court. Any such relief shall be requested within twenty (20) days after service of the objection.

(c)      No disclosure of Confidential Information shall be made to an expert, consultant, or other individual until either (1) the expiration of ten (10) business days after service of the Designation, without objection, or (2) the resolution of a pending motion in support of the objection to disclosure.

-7-

(d)     Unless an individual identified in accordance with this Paragraph 7 has been designated as a testifying expert and/or has produced a corresponding Rule 26 Report, no party may conduct any expert discovery directed to that individual.  The Parties agree not to raise at trial the fact that non-testifying experts did not render expert opinions and/or testify in this litigation.  Non-testifying experts shall not include fact witnesses associated with either party, including but not limited to, Jeffery Sainio and John Seymour.  Notwithstanding the foregoing, communications among and between any testifying expert and other persons, including persons who have received Confidential Information, counsel, agents of counsel, declarants, and parties, are discoverable and may be presented at a hearing and the trial of this case.

(e)     The parties reserve the right to conduct discovery of any individual given access to Confidential Information under this paragraph concerning an alleged violation of this Protective Order and/or other litigation misconduct.

8.     For the purposes of this Order, "outside counsel of record" shall mean outside counsel of record in this action who are retained by any Party to this action and are actively engaged in litigating and preparing for the trial, if any, of this case.  "Outside counsel of record" shall not include attorneys who are employed or retained by any Party or a Party's subsidiaries, divisions, affiliates, and/or parent corporations.  "Outside counsel of record" shall not include outside counsel retained by any Party or a Party's subsidiaries, divisions, affiliates, and/or parent corporations that prepare or prosecute any patent applications on behalf of any Party or a Party's subsidiaries, divisions, affiliates, and/or parent corporations.

9.     <u>Filing And Use Of Confidential Information In Court</u>.  Unless provided herein, the label "Confidential Subject to Protective Order" must appear on the front page of all

-8-

documents filed with this Court that contain Confidential Information.  All Confidential

Information that bears the label "Confidential" or Confidential - Attorneys' Eyes Only" shall be

filed in a sealed envelope marked on the outside with the title of the action and a statement

substantially in the following form:

### CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER – FILED UNDER SEAL

**THIS ENVELOPE (OR CONTAINER) CONTAINING PAPERS
FILED BY (NAME OF PARTY) IS NOT TO BE OPENED OR THE
CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY
THE COURT OR BY AGREEMENT OF THE PARTIES.**

The Clerk of the Court is directed to maintain under seal all documents, filed with this

Court in this litigation by any party that designated CONFIDENTIAL SUBJECT TO

PROTECTIVE ORDER – FILED UNDER SEAL, including all pleadings, deposition transcripts,

exhibits, discovery responses or memoranda that containing any Confidential Information.  The

person filing said documents shall designate to the Clerk that all or a designated portion thereof

is subject to this Order and is to be kept under seal as provided in this paragraph, except that

upon the default of the filing party to so designate, any party may do so.

10.     <u>Procedures To Designate Confidential Information</u>.  For the purposes of this

Order, "documents" shall mean all written, recorded, electronic, or graphic material whether

produced or created by the parties or others.

(a)     Each party to this litigation, or any non-party that produces or

discloses information which the producing party believes, in good faith, to constitute

Confidential Information, as defined by this Order, may designate the same as

"Confidential" or "Confidential - Attorneys' Eyes Only" on at least the first page of the

document prior to production.  Documents may be produced for inspection before being

-9-

marked Confidential. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked as "Confidential" after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "Confidential" pursuant to this procedure.

(b) Each party to this litigation may also designate as "Confidential" or "Confidential - Attorneys' Eyes Only" in accordance with the provisions of this Order any Confidential Information, as defined by this Order, produced by a non-party to this litigation by providing written notice to every other party within twenty-days from the date of receipt of the documents produced by the non-party. Failure to do so within the time prescribed shall constitute a waiver of the party's right to designate the information produced by the non-party until the expiration of the twenty-day period, all information produced by a non-party shall be designated "Confidential" or "Confidential - Attorneys' Eyes Only."

(c) If a producing party produces original documents for inspection, it need not mark those documents "Confidential" or "Confidential - Attorneys' Eyes Only." Rather, the producing party may elect to designate all or some of those documents as "Confidential" or "Confidential - Attorneys' Eyes Only" simply by identifying them by category, box number, or some other identifiable means. Once the receiving party designates any of the Confidential Information for copying, the producing party shall ensure that the copies of the Confidential Information as produced, are marked "Confidential" or "Confidential - Attorneys' Eyes Only" as per the party's designation.

(d) Whenever a deposition taken on behalf of any party or an inspection of premises is made which involves a disclosure of Confidential Information:

-10-

(i)      Said deposition, inspection or portions thereof may be designated as "Confidential" or "Confidential - Attorneys' Eyes Only." Such designations shall be made on the record whenever possible, but a disclosing party may designate portions of depositions as "Confidential" or "Confidential - Attorneys' Eyes Only" after transcription by no later than (10) days after receipt of the deposition transcript, informing the other parties to this action in writing of the portions of the transcript designated "Confidential" or "Confidential - Attorneys' Eyes Only," and

(ii)      The disclosing party shall have the right to exclude from attendance at depositions or inspections, during time(s) that Confidential Information is or may be disclosed, any person other than a deponent, outside counsel of record (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 4 and 5 above. The Confidential Information shall not be disclosed until requirements of this provision have been met or waived; and

(iii)      The original transcripts containing Confidential Information and all copies thereof shall bear the legend "Confidential" or "Confidential - Attorneys' Eyes Only" as appropriate.

11.      Retention of Confidential Information. All Confidential Information which has been designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by the producing or disclosing party, and any and all reproductions thereof shall be retained only in the custody of counsel for the receiving party, except that experts and consultants authorized to view such information under the terms of this Order may retain custody of such copies as are necessary for their participation in this litigation.

-11-

12.   <u>Disclosure of Confidential Information In Other Actions</u>.  In the event that a

person (the "recipient") subject to this Order receives a subpoena related to another action that

seeks the production of Confidential Information (which was produced by another party or non-

party in this action), the recipient shall, within not more than five (5) calendar days, provide

notice to the party that designated such information as Confidential Information (the

"designating party").  To the extent permitted by law, the recipient shall not produce the

Confidential Information at issue for at least fifteen (15) days from the date the recipient receives

the subpoena and shall cooperate fully with the designating party in contesting the subpoena.

13.   <u>Return Of Confidential Information</u>.  Immediately after entry of final judgment

including appeals, or of dismissal in connection with this action, all Confidential Information

produced in this litigation, including any copies thereof and summaries or descriptions thereof

contained in other documents, shall be returned to counsel for the party that produced it.

Alternatively, the party that produced the Confidential Information may agree to the destruction

of such information, and the party in possession of the information shall provide written

confirmation of the destruction of the Confidential Information.

14.   <u>Inadvertent Production</u>.  Inadvertent production of information considered

Confidential Information without the "Confidential" or Confidential - Attorneys' Eyes Only"

designation shall not constitute a waiver of the producing party's right to designate the

information produced as Confidential Information.  The producing party shall give prompt

written notice to the party receiving the information which was produced without the

"Confidential" or "Confidential - Attorneys' Eyes Only" designation as soon as the omission is

discovered.  The receiving party shall then mark as "Confidential" or "Confidential - Attorneys'

-12-

Eyes Only" all documents or things indicated by the producing party as having been produced without such designation, and treat those documents in accordance with this Order.

    15.   <u>Challenges To Designations Of Confidentiality</u>.

        (a)   No party concedes that any material designated by any other person as "Confidential" or "Confidential - Attorneys' Eyes Only" does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential. Any party may at any time move for relief from the provisions of this Order with respect to specific material, as set forth below.

        (b)   If any Confidential Information is not believed to be "Confidential" or "Confidential - Attorneys' Eyes Only" by the party receiving it, the receiving party may at any time notify the designating party and request a release of confidentiality or modification of the confidentiality designation. Within fifteen (15) days of a request for release or modification, the designating party shall either (i) grant the requested release or modification of confidentiality, or (ii) file a motion with the Court requesting a determination by the Court as to whether the information at issue shall be treated as "Confidential" or "Confidential - Attorneys' Eyes Only" under the terms hereof. If the designating party fails to file such a motion within fifteen (15) days as aforesaid, the designating party shall be deemed to have granted a release or modification of confidentiality with respect to the information at issue. If the designating party timely files a motion with the Court requesting such a determination, the confidential status of the information shall be maintained pending the Court's ruling on the motion. The burden of proving confidentiality of designated information remains with the party asserting such confidentiality. The parties shall not be obligated to challenge the propriety of any

-13-

designation of information as "Confidential" or "Confidential - Attorneys' Eyes Only" and the failure to do so promptly shall not preclude any subsequent objection to such designation.

16.     Reservation Of Rights.  The parties agree that the execution or filing and entry of this Order shall not constitute a waiver of any rights under any applicable law and/or court rules. In addition, nothing in the foregoing provisions of this Order shall be deemed to preclude any party or non-party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Order with respect to particular material designated as containing Confidential Information.

17.     Enforcement of this Protective Order.  The parties hereto understand and agree that any violation of this Order gives the non-breaching party the right to seek all equitable and legal remedies, including but not limited to, a court order of contempt; injunctive relief; and monetary damages.

18.     Jurisdiction and Choice of Law.  The parties and any other person or entity subject to the terms of this Order agree that the United States District Court for the Eastern District of Pennsylvania shall have jurisdiction over it and them for the purposes of enforcing this Order, notwithstanding any subsequent disposition of this Action.  The parties and any other person or entity subject to the terms of this Order further agree that Pennsylvania law shall govern any action to enforce or relating to this Order.

19.     Inadvertent Production/Non-Waiver of Privilege.  The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney client privilege or is protected from

-14-

discovery a work product within the meaning of Federal Rule of Civil Procedure 26.  No party shall be held to have waived any rights by such inadvertent production.

20.    Trade Secret Status.  Production or disclosure of Confidential Information under this Order shall not prejudice the right of any person making that production or disclosure to maintain the trade secrets status or confidentiality of that information in other contexts.

21.    Hearings And Trial.  Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence has identified the exhibit in its pre-trial submission filed with the Court.  If Confidential Information is used as a rebuttal exhibit, the party must first give the Party who produced the information reasonable notice and an opportunity to object and to seek a protective order.  Any party may move the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.  Use of confidential documents at trial or hearing may be addressed at the pre-trial and/or pre-hearing conference.

22.    Survival of Order.  This Protective Order shall survive any settlement, judgment, dismissal, or other disposition or conclusion of this Lawsuit and all appeals therefrom.

23.    This Protective Order may be signed in counterparts.

IT IS SO ORDERED:

Dated: _____          _____
                                 Hon. Eduardo C. Robreno
                                 United States District Judge

**Exhibit 1 to Protective Order**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUAD/TECH, INCORPORATED | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 09-CV-2561 |
| | : | |
| Q.I. PRESS CONTROLS B.V., | : | HON. EDUARDO C. ROBRENO |
| Q.I. PRESS CONTROLS NORTH | : | |
| AMERICA LTD., INC. | : | |
| and | | |
| PRINT2FINISH, LLC | : | |
| | : | |
| Defendants. | : | |

## DECLARATION

I, _____, hereby understand and agree that information and/or documents designated as Confidential Information shall be provided to me subject to the terms and conditions set forth in the Protective Order entered in the above captioned action, which was agreed to by the parties in the above-captioned matter.

I hereby acknowledge that I have been given a copy of and have read the Protective Order. I agree that I shall not disclose the information and/or documents to others and that the information and/or documents shall be used only for the purpose of this litigation. I agree that, following the conclusion of this litigation, I will return or destroy all Confidential Information, including all copies thereof and all summaries or descriptions thereof contained in other documents.

I further agree to be bound by the terms of the Protective Order and to subject myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the enforcement of the Protective Order and understand that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions by the Court and/or be liable to a party for misappropriation, trade-secret violations, or other possible causes of action.

Date:_____   _____
                                         Name

-2-