**EXHIBIT 6 (Part 1)**

-----Original Message-----
From: Langfitt, David
Sent: Wednesday, November 11, 2009 8:51 AM
To: 'ftecce@mcshea-tecce.com'
Cc: 'Onufrakm@whiteandwilliams.com'; 'kassakm@whiteandwilliams.com'
Subject: Re: revised para. seven

Fred:

Please send the proposed language now.  It's not so complicated.  It's a single paragraph or less.

Please understand that we know that we can ask your testifying expert about any communications with anyone, and we can ask Seymour and Sanio anything we want, except stuff protected by the Attorney-client privilege and stuff that's arguably completely irrelevant.  We will agree that non-testifying experts won't be deposed and that we won't use at hearing or trial the fact that those persons did not provide a written expert opinion.  We are concerned that you intend to designate the affiants Seymour and Sanio "non-testifying experts" and insulate them, in part, from fact discovery and limit our use of their deposition testimony at hearing and trial.

There can be no more delay.  We first sent you a protective order on August 4.  You have delayed agreement until the 11th hour and threatened to use your own delay against us.  We need agreement today, before noon.  Otherwise, we file an emergency motion on this issue.

Sincerely,

David

--------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Cc: Onufrakm@whiteandwilliams.com <Onufrakm@whiteandwilliams.com>;
kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>
Sent: Wed Nov 11 08:29:35 2009
Subject: RE: revised para. seven

I'm out of town today but am willing to discuss this over the phone tomorrow, rather than through e-mail.  All it really needs to say is that no discovery may be conducted regarding disclosure to a third party pursuant to Paragarph 7 based solely upon the fact that that individual was identified as someone to whom CI was disclosed and under those circumstances, there can be no mention of it at trial.

I will send proposed language so that we can then discuss it over the phone.

        -----Original Message-----
        From: Langfitt, David [mailto:DLangfitt@mmwr.com]
        Sent: Wednesday, November 11, 2009 8:20 AM
        To: Frederick A. Tecce
        Cc: Onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
        Subject: Re: revised para. seven

                                1

Then tell us Fred, what is it about revised para. 7-d, as presented to you last night, that you need deleted. We put your phrase in.

--------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Cc: onufrakm@whiteandwilliams.com <onufrakm@whiteandwilliams.com>;
kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>
Sent: Wed Nov 11 08:00:59 2009
Subject: RE: revised para. seven

This is incredible. I agree that nothing in Paragraph 7 should ever preclude examining an expert on the sources of information upon which he relied, and if necessary, also deposing those sources directly. What I want is very simple, no mention at trial about the FACT that information was disclosed to some third party who did NOT thereafter render an expert report. I can't make it any clearer. What possible reasons could QI have for expressly including Jeff Sainio and John Seymour?

File your motion. However, let there be no misunderstanding. At this point, QI has not produced any evidence that its mRC system does not function as advertised. Quad/Tech intends to move pursuant to Rule 37(c) to preclude the presentation of any evidence, including any testimony based upon informatoi not produced, including striking the testimony of QI's expert if he/she relies upon such evidence.

-----Original Message-----
From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Tuesday, November 10, 2009 5:13 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: RE: revised para. seven


Fred:


Thanks for the compliment. Maybe this can resolve the dispute. If you designate a person to receive attorneys-eyes only information (and never designate him as a testifying expert), 7-d below states that we won't take discovery against that person. We may object to him receiving the information, but that's different.


If we add your requested provisions about no use at trial, we would also want to add that we are not precluded from examining your testifying expert on communications with anyone, including those persons who also received attorney's eyes only information, yourself, agents of counsel, etc. All of that is fair game, always has been, always will be. Your testifying expert's testimony in response to such questions is also fair game. Since you have already produced an expert report, I'd think that the compromise below should work. If it doesn't, I'm genuinely surprised and will file for a protective order tomorrow.


David


Here is revised para. 7. See 7-d.

2

7.    Prior to showing any Confidential Information to any of the individuals identified in Paragraph 5 (e) or 6(c) above, the party proposing to disclose such Confidential Information shall serve on the party that produced and/or designated such Confidential Information a written "Designation" which includes: (i) the name and business address of the individual; (ii) the individuals' present occupation, employer and position; (iii) a current copy of the individual's curriculum vitae; (iv) all relationships, including consulting and expert relationships if applicable (whether in support of or adverse), to any Party in this litigation or a Party's subsidiaries, divisions, affiliates, and/or parent corporations; and (v) all relationships to any officer, director, employee, or attorney of any Party in this litigation.

(a)       Should the party that produced or designated such Confidential Information reasonably believe it would be harmed by the disclosure of Confidential Information to any individual designated, it may object to an expert's, consultant's, or other individual's receipt of Confidential Information.  The objecting Party shall serve written notice of its objection upon all Parties within ten (10) business days of receiving the Designation.  The parties shall confer and attempt to resolve any dispute.

(b)       If the parties are unable to resolve the objection on an informal basis, the objecting Party may request, and will have the burden of establishing entitlement to, appropriate relief from the Court.  Any such relief shall be requested within twenty (20) days after service of the objection.

(c)       No disclosure of Confidential Information shall be made to an expert, consultant, or other individual until either (1) the expiration of ten (10) business days after service of the Designation, without objection, or (2) the resolution of a pending motion in support of the objection to disclosure.

(d)       Unless an individual identified in accordance with this Paragraph 7 has been designated as a testifying expert and/or has produced a corresponding Rule 26 Report, no party may conduct any expert discovery directed to that individual. The Parties agree not to raise at trial the fact that non-testifying experts did not render expert opinions and/or testify in this litigation.  Non-testifying experts shall not include fact witnesses associated with either party, including but not limited to, Jeffery Sainio and John Seymour.  Notwithstanding the foregoing, communications among and between any testifying expert and other persons, including persons who have received Confidential Information, counsel, agents of counsel, declarants, and parties, are discoverable and may be presented at a hearing and the trial of this case.

(e)       The parties reserve the right to conduct discovery of any individual given access to Confidential Information under this paragraph concerning an alleged violation of this Protective Order and/or other litigation misconduct.

---

From: Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
Sent: Monday, November 09, 2009 3:56 PM
To: Langfitt, David
Subject: RE: revised para. seven


David:


I've looked at your web page - - you're a big trial lawyer, so I am

surprised at your question.  I (and quite frankly you) don't want my/your expert being crossed on the fact that information was shown to some third party potential expert who never rendered an opinion and asking if that was because they weren't willing to say what counsel wanted.

It's that simple and there is no deal without it.

From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Monday, November 09, 2009 3:52 PM
To: Frederick A. Tecce
Cc: Onufrakm@whiteandwilliams.com;  kassakm@whiteandwilliams.com
Subject: Re: revised para. seven

Fred:  With all respect, can you tell me why?  Can you please provide some rational reason why this is so sensitive that it cannot become trial evidence?  Recall that an enormous amount of information we will disclose, subject to the protective order, will be used and disclosed at trial. Why is this information that we might never seek so senstive that we can't even mention it to a judge or jury?  What are your concerns? David

-------------------------
Sent from my BlackBerry Wireless Handheld

----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Cc: onufrakm@whiteandwilliams.com <onufrakm@whiteandwilliams.com>;
kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>
Sent: Mon Nov 09 15:32:24 2009
Subject: RE: revised para. seven

David:

I am NOT going to sign this without the language regarding use of the information at trial.  That has to be in there.

Thanks

Fred

From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Friday, November 06, 2009 12:41 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com;  kassakm@whiteandwilliams.com
Subject: revised para. seven

Fred: this is a compromise regarding para. 7 of the proposed protective order.  can you live with this?  we need to get this done. David

David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is
for the sole use of the intended recipient(s) and may contain confidential and privileged
information.  Any unauthorized review, use, disclosure, forwarding or distribution is
prohibited.  If you are not the intended recipient, please contact the sender by reply e-
mail and destroy all copies of the original message.

----- Original Message -----
From: Langfitt, David
To: 'ftecce@mcshea-tecce.com' <ftecce@mcshea-tecce.com>
Cc: 'Onufrakm@whiteandwilliams.com' <Onufrakm@whiteandwilliams.com>;
'kassakm@whiteandwilliams.com' <kassakm@whiteandwilliams.com>
Sent: Wed Nov 11 08:19:36 2009
Subject: Re: revised para. seven

Then tell us Fred, what is it about revised para. 7-d, as presented to you last night,
that you need deleted.  We put your phrase in.

-------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Cc: onufrakm@whiteandwilliams.com <onufrakm@whiteandwilliams.com>;
kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>
Sent: Wed Nov 11 08:00:59 2009
Subject: RE: revised para. seven

This is incredible.  I agree that nothing in Paragraph 7 should ever preclude examining an
expert on the sources of information upon which he relied, and if necessary, also deposing
those sources directly.  What I want is very simple, no mention at trial about the FACT
that information was disclosed to some third party who did NOT thereafter render an expert
report.  I can't make it any clearer.  What possible reasons could QI have for expressly
including Jeff Sainio and John Seymour?

File your motion.  However, let there be no misunderstanding.  At this point, QI has not
produced any evidence that its mRC system does not function as advertised.  Quad/Tech
intends to move pursuant to Rule 37(c) to preclude the presentation of any evidence,
including any testimony based upon informatoi not produced, including striking the
testimony of QI's expert if he/she relies upon such evidence.

          -----Original Message-----
          From: Langfitt, David [mailto:DLangfitt@mmwr.com]
          Sent: Tuesday, November 10, 2009 5:13 PM
          To: Frederick A. Tecce

                                        1

Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: RE: revised para. seven

Fred:


Thanks for the compliment.  Maybe this can resolve the dispute.  If you designate a person to receive attorneys-eyes only information (and never designate him as a testifying expert), 7-d below states that we won't take discovery against that person.  We may object to him receiving the information, but that's different.


If we add your requested provisions about no use at trial, we would also want to add that we are not precluded from examining your testifying expert on communications with anyone, including those persons who also received attorney's eyes only information, yourself, agents of counsel, etc.  All of that is fair game, always has been, always will be.  Your testifying expert's testimony in response to such questions is also fair game.  Since you have already produced an expert report, I'd think that the compromise below should work.  If it doesn't, I'm genuinely surprised and will file for a protective order tomorrow.


David


Here is revised para. 7.  See 7-d.


7.    Prior to showing any Confidential Information to any of the individuals identified in Paragraph 5 (e) or 6(c) above, the party proposing to disclose such Confidential Information shall serve on the party that produced and/or designated such Confidential Information a written "Designation" which includes: (i) the name and business address of the individual; (ii) the individuals' present occupation, employer and position; (iii) a current copy of the individual's curriculum vitae; (iv) all relationships, including consulting and expert relationships if applicable (whether in support of or adverse), to any Party in this litigation or a Party's subsidiaries, divisions, affiliates, and/or parent corporations; and (v) all relationships to any officer, director, employee, or attorney of any Party in this litigation.

(a)            Should the party that produced or designated such Confidential Information reasonably believe it would be harmed by the disclosure of Confidential Information to any individual designated, it may object to an expert's, consultant's, or other individual's receipt of Confidential Information.  The objecting Party shall serve written notice of its objection upon all Parties within ten (10) business days of receiving the Designation.  The parties shall confer and attempt to resolve any dispute.

(b)            If the parties are unable to resolve the objection on an informal basis, the objecting Party may request, and will have the burden of establishing entitlement to, appropriate relief from the Court.  Any such relief shall be requested within twenty (20) days after service of the objection.

(c)            No disclosure of Confidential Information shall be made to an expert, consultant, or other individual until either (1) the expiration of ten (10) business days after service of the Designation, without objection, or (2) the resolution of a pending motion in support of the objection to disclosure.

(d)            Unless an individual identified in accordance with this Paragraph 7 has been designated as a testifying expert and/or has produced a corresponding Rule 26 Report, no party may conduct any expert discovery directed to that individual.  The Parties agree not to raise at trial the fact that non-testifying experts did not render expert opinions and/or testify in this litigation.  Non-testifying experts shall not

2

include fact witnesses associated with either party, including but not limited to, Jeffery Sainio and John Seymour.  Notwithstanding the foregoing, communications among and between any testifying expert and other persons, including persons who have received Confidential Information, counsel, agents of counsel, declarants, and parties, are discoverable and may be presented at a hearing and the trial of this case.

(e)        The parties reserve the right to conduct discovery of any individual given access to Confidential Information under this paragraph concerning an alleged violation of this Protective Order and/or other litigation misconduct.

From: Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
Sent: Monday, November 09, 2009 3:56 PM
To: Langfitt, David
Subject: RE: revised para. seven

David:

I've looked at your web page - - you're a big trial lawyer, so I am surprised at your question.  I (and quite frankly you) don't want my/your expert being crossed on the fact that information was shown to some third party potential expert who never rendered an opinion and asking if that was because they weren't willing to say what counsel wanted.

It's that simple and there is no deal without it.

From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Monday, November 09, 2009 3:52 PM
To: Frederick A. Tecce
Cc: Onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: Re: revised para. seven

Fred:  With all respect, can you tell me why?  Can you please provide some rational reason why this is so sensitive that it cannot become trial evidence?  Recall that an enormous amount of information we will disclose, subject to the protective order, will be used and disclosed at trial. Why is this information that we might never seek so senstive that we can't even mention it to a judge or jury?  What are your concerns?    David

--------------------------
Sent from my BlackBerry Wireless Handheld

----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Cc: onufrakm@whiteandwilliams.com <onufrakm@whiteandwilliams.com>; kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>
Sent: Mon Nov 09 15:32:24 2009
Subject: RE: revised para. seven

3

David:


I am NOT going to sign this without the language regarding use of the information at trial.  That has to be in there.


Thanks


Fred


From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Friday, November 06, 2009 12:41 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: revised para. seven


Fred: this is a compromise regarding para. 7 of the proposed protective order.  can you live with this?  we need to get this done. David


David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

4

----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Sent: Mon Nov 09 15:55:30 2009
Subject: RE: revised para. seven

David:


I've looked at your web page - - you're a big trial lawyer, so I am surprised at your
question.  I (and quite frankly you) don't want my/your expert being crossed on the fact
that information was shown to some third party potential expert who never rendered an
opinion and asking if that was because they weren't willing to say what counsel wanted.


It's that simple and there is no deal without it.


From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Monday, November 09, 2009 3:52 PM
To: Frederick A. Tecce
Cc: Onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: Re: revised para. seven


Fred:  With all respect, can you tell me why?  Can you please provide some rational reason
why this is so sensitive that it cannot become trial evidence?  Recall that an enormous
amount of information we will disclose, subject to the protective order, will be used and
disclosed at trial. Why is this information that we might never seek so senstive that we
can't even mention it to a judge or jury?  What are your concerns?   David

--------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
                                        1

Cc: onufrakm@whiteandwilliams.com <onufrakm@whiteandwilliams.com>;
kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>
Sent: Mon Nov 09 15:32:24 2009
Subject: RE: revised para. seven

David:


I am NOT going to sign this without the language regarding use of the information at
trial.  That has to be in there.


Thanks

Fred


From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Friday, November 06, 2009 12:41 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: revised para. seven


Fred: this is a compromise regarding para. 7 of the proposed protective order.  can you
live with this?  we need to get this done. David


David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole
use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If
you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message.

----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Cc: onufrakm@whiteandwilliams.com <onufrakm@whiteandwilliams.com>;
kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>
Sent: Mon Nov 09 15:32:24 2009
Subject: RE: revised para. seven

David:


I am NOT going to sign this without the language regarding use of the information at
trial.  That has to be in there.



Thanks


Fred


From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Friday, November 06, 2009 12:41 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: revised para. seven


Fred: this is a compromise regarding para. 7 of the proposed protective order.  can you
live with this?  we need to get this done. David


David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax


Confidentiality Notice: This e-mail message, including any attachments, is for the sole
use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If
you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message.

From: Langfitt, David
Sent: Monday, November 09, 2009 3:52 PM
To: 'ftecce@mcshea-tecce.com'
Cc: 'Onufrakm@whiteandwilliams.com'; 'kassakm@whiteandwilliams.com'
Subject: Re: revised para. seven

Fred: With all respect, can you tell me why? Can you please provide some rational reason
why this is so sensitive that it cannot become trial evidence? Recall that an enormous
amount of information we will disclose, subject to the protective order, will be used and
disclosed at trial. Why is this information that we might never seek so senstive that we
can't even mention it to a judge or jury? What are your concerns?   David

-------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Cc: onufrakm@whiteandwilliams.com <onufrakm@whiteandwilliams.com>;
kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>
Sent: Mon Nov 09 15:32:24 2009
Subject: RE: revised para. seven

David:


I am NOT going to sign this without the language regarding use of the information at
trial.  That has to be in there.



Thanks


Fred


From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Friday, November 06, 2009 12:41 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: revised para. seven


Fred: this is a compromise regarding para. 7 of the proposed protective order.  can you
live with this?  we need to get this done. David


David D. Langfitt



Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole
use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If
you are not the intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message.

**From:** Langfitt, David
**Sent:** Friday, November 06, 2009 4:06 PM
**To:** 'Frederick A. Tecce'
**Cc:** Onufrakm@whiteandwilliams.com; Kassakm@whiteandwilliams.com
**Subject:** RE: voicemail

Fred:  and I sent you an email at 3:34PM in response, exactly as you requested in your voicemail.  that email is immediately below and requests that we resolve the hearing date and para. seven, as revised, of the protective order.  You only responded to the deposition date issue.  Could we please work these other issues out?  David

---

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Friday, November 06, 2009 3:54 PM
**To:** Langfitt, David
**Subject:** Re: voicemail

Left you a voicemail.

Frederick A. Tecce, Esq.
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com


-----Original Message-----
From: Langfitt, David <DLangfitt@mmwr.com>
To: Frederick A. Tecce <ftecce@mcshea-tecce.com>; Kassakm@whiteandwilliams.com
<Kassakm@whiteandwilliams.com>
CC: Onufrakm@whiteandwilliams.com <Onufrakm@whiteandwilliams.com>
Sent: Fri Nov 06 15:53:39 2009
Subject: RE: voicemail

fine.  we'll circulate the dep notices.  what about everything else?

From: Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
Sent: Friday, November 06, 2009 3:48 PM
To: Kassakm@whiteandwilliams.com; Langfitt, David
Cc: Onufrakm@whiteandwilliams.com
Subject: Re: voicemail


Sainio and Seymour are available Monday and Tuesday (11/16 & 17); Freeman is available Thursday (11/19) and Leininger
is available Friday (11/20).

Frederick A. Tecce, Esq.
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com


-----Original Message-----
From: Kassak, Michael <Kassakm@whiteandwilliams.com>
To: Langfitt, David <DLangfitt@mmwr.com>; Frederick A. Tecce <ftecce@mcshea-tecce.com>
CC: Onufrak, Michael <Onufrakm@whiteandwilliams.com>
Sent: Fri Nov 06 15:43:44 2009
Subject: RE: voicemail

David,

    I plan on attending the Seymour and Sainio deps. I am not sure it was intentional but the dates you provided for those deps
are Saturday and Sunday which I can not do because I have relatives coming in that weekend. How about Thursday and
Friday the 19th and 20th?

                          Mike Kassak


IRS Circular 230 Notice:  To ensure compliance with certain regulations promulgated by the U.S. Internal Revenue Service,
we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or
written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S.
Internal Revenue Code, or (2) promoting, marketing or recommending to another party any tax-related matters addressed
herein, unless expressly stated otherwise.

Michael O. Kassak, Esquire
White and Williams LLP
LibertyView
457 Haddonfield Road, Suite 400 | Cherry Hill, NJ 08002-2220
Direct Dial: 856.317.3653 | Direct Fax: 856.317.3603
kassakm@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of
White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of
counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the
taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited
and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and

delete the message and any accompanying documents from your system immediately. Thank you.

From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Friday, November 06, 2009 3:34 PM
To: Frederick A. Tecce
Cc: Onufrak, Michael; Kassak, Michael
Subject: voicemail

Fred:

I received your voicemail. I'm in my office (215-772-7411). as requested, I am telling you by email that the following dates for depositions of your people are fine with me. Mike Onufrak will respond separately, but i believe the dates are acceptable to him.

Freeman--Nov. 17
Leininger--Nov. 18
Seymour--Nov. 21
Sainio--Nov. 22

However, a hearing date of December 1 is not acceptable. Under your proposed schedule, we won't be deposing the last of your witness until just before thanksgiving, and you won't be deposing our people until after thanksgiving. That's unrealistic, particularly since the court offered Dec. 17 for the hearing.

As to para. 7 of the protective order, the only para. at issue, I understand that you can't open the attachment on your blackberry, so I have attached the revised para. seven below. Please read it on the train from NYC and call me. Please recall that your issues were with subparagraphs (d) and (e). There should be no dispute. I would like to get this done today.

David

REVISED PARA. SEVEN

Prior to showing any Confidential Information to any of the individuals identified in Paragraph 5 (e) or 6(c) above, the party proposing to disclose such Confidential Information shall serve on the party that produced and/or designated such Confidential Information a written "Designation" which includes: (i) the name and business address of the individual; (ii) the individuals' present occupation, employer and position; (iii) a current copy of the individual's curriculum vitae; (iv) all relationships, including consulting and expert relationships if applicable (whether in support of or adverse), to any Party in this litigation or a Party's subsidiaries, divisions, affiliates, and/or parent corporations; and (v) all relationships to any officer, director, employee, or attorney of any Party in this litigation.

(a)       Should the party that produced or designated such Confidential Information reasonably believe it would be harmed by the disclosure of Confidential Information to any individual designated, it may object to an expert's, consultant's, or other individual's receipt of Confidential Information. The objecting Party shall serve written notice of its objection upon all Parties within ten (10) business days of receiving the Designation. The parties shall confer and attempt to resolve any dispute.

(b)       If the parties are unable to resolve the objection on an informal basis, the objecting Party may request, and will have the burden of establishing entitlement to, appropriate relief from the Court. Any such relief shall be requested within twenty (20) days after service of the objection.

(c)        No disclosure of Confidential Information shall be made to an expert, consultant, or other individual until either (1) the expiration of ten (10) business days after service of the Designation, without objection, or (2) the resolution of a pending motion in support of the objection to disclosure.

(d)        Unless an individual identified in accordance with this Paragraph 7 has been designated as a testifying expert and/or has produced a corresponding Rule 26 Report, no party may conduct any expert discovery directed to that individual.

(e)        The parties reserve the right to conduct discovery of any individual given access to Confidential Information under this paragraph concerning an alleged violation of this Protective Order and/or other litigation misconduct.

**From:** Langfitt, David
**Sent:** Friday, November 06, 2009 3:34 PM
**To:** Frederick A. Tecce
**Cc:** Michael N. Onufrak (onufrakm@whiteandwilliams.com); Michael O. Kassak (kassakm@whiteandwilliams.com)
**Subject:** voicemail

Fred:

I received your voicemail. I'm in my office (215-772-7411). as requested, I am telling you by email that the following dates for depositions of your people are fine with me. Mike Onufrak will respond separately, but i believe the dates are acceptable to him.

Freeman--Nov. 17
Leininger--Nov. 18
Seymour--Nov. 21
Sainio--Nov. 22

However, a hearing date of December 1 is not acceptable. Under your proposed schedule, we won't be deposing the last of your witness until just before thanksgiving, and you won't be deposing our people until after thanksgiving. That's unrealistic, particularly since the court offered Dec. 17 for the hearing.

As to para. 7 of the protective order, the only para. at issue, I understand that you can't open the attachment on your blackberry, so I have attached the revised para. seven below. Please read it on the train from NYC and call me. Please recall that your issues were with subparagraphs (d) and (e). There should be no dispute. I would like to get this done today.

David

REVISED PARA. SEVEN

Prior to showing any Confidential Information to any of the individuals identified in Paragraph 5 (e) or 6 (c) above, the party proposing to disclose such Confidential Information shall serve on the party that produced and/or designated such Confidential Information a written "Designation" which includes: (i) the name and business address of the individual; (ii) the individuals' present occupation, employer and position; (iii) a current copy of the individual's curriculum vitae; (iv) all relationships, including consulting and expert relationships if applicable (whether in support of or adverse), to any Party in this litigation or a Party's subsidiaries, divisions, affiliates, and/or parent corporations; and (v) all relationships to any officer, director, employee, or attorney of any Party in this litigation.

    (a)    Should the party that produced or designated such Confidential Information reasonably believe it would be harmed by the disclosure of Confidential Information to any individual

designated, it may object to an expert's, consultant's, or other individual's receipt of Confidential Information. The objecting Party shall serve written notice of its objection upon all Parties within ten (10) business days of receiving the Designation. The parties shall confer and attempt to resolve any dispute.

(b)     If the parties are unable to resolve the objection on an informal basis, the objecting Party may request, and will have the burden of establishing entitlement to, appropriate relief from the Court. Any such relief shall be requested within twenty (20) days after service of the objection.

(c)     No disclosure of Confidential Information shall be made to an expert, consultant, or other individual until either (1) the expiration of ten (10) business days after service of the Designation, without objection, or (2) the resolution of a pending motion in support of the objection to disclosure.

(d)     Unless an individual identified in accordance with this Paragraph 7 has been designated as a testifying expert and/or has produced a corresponding Rule 26 Report, no party may conduct any expert discovery directed to that individual.

(e)     The parties reserve the right to conduct discovery of any individual given access to Confidential Information under this paragraph concerning an alleged violation of this Protective Order and/or other litigation misconduct.

**From:** Langfitt, David
**Sent:** Friday, November 06, 2009 1:39 PM
**To:** Frederick A. Tecce
**Cc:** kassakm@whiteandwilliams.com; Onufrakm@whiteandwilliams.com
**Subject:** RE: qipc/quad scheduling order.DOC

Fred: with respect, that doesn't make sense.  If we choose a date certain the court offered, that's when the hearing will happen, and the court will fill the other date.  Mike and I want Dec. 17th and 18th.  Also, the notion that all depositions can easily be completed and the entire case prepared by Dec. 1 when we don't even have discovery from Quad doesn't make sense.  It also creates an overwhelming burden during the Thanksgiving holiday, and I'm booked to be out of town for three days during that holiday.  Please reconsider.  David

---

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Friday, November 06, 2009 1:03 PM
**To:** Langfitt, David; kassakm@whiteandwilliams.com; Onufrakm@whiteandwilliams.com
**Subject:** Re: qipc/quad scheduling order.DOC

The difference is that is the hearing doesn't go on the 1st, there is still time to get it done before the end of the year.

Frederick A. Tecce, Esq.
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com


-----Original Message-----
From: Langfitt, David <DLangfitt@mmwr.com>
To: Frederick A. Tecce <ftecce@mcshea-tecce.com>; kassakm@whiteandwilliams.com
<kassakm@whiteandwilliams.com>; Onufrakm@whiteandwilliams.com <Onufrakm@whiteandwilliams.com>
Sent: Fri Nov 06 11:20:21 2009
Subject: Re: qipc/quad scheduling order.DOC

Fred: and I was at a hearing in bucks county yesterday.  Let's get this done today.  I'll be send you a revised para. 7 of the protective order shortly.  Let's get this done for Dec. 17 and 18, submit the protective order jointly,  and get the discovery out.  David

-------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----

From: Langfitt, David
To: 'ftecce@mcshea-tecce.com' <ftecce@mcshea-tecce.com>; 'kassakm@whiteandwilliams.com'
<kassakm@whiteandwilliams.com>; 'Onufrakm@whiteandwilliams.com' <Onufrakm@whiteandwilliams.com>
Sent: Fri Nov 06 11:12:08 2009
Subject: Re: qipc/quad scheduling order.DOC

The scheduling of the defense depositions is a critical aspect of the schedule.  You agreed that they would be done on the
week of November 30.  Now you want a hearing on December 1, when the Court is available on the December 17 and 18.
What difference does it make?

-------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David; kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>;
Onufrakm@whiteandwilliams.com <Onufrakm@whiteandwilliams.com>
Sent: Fri Nov 06 11:02:50 2009
Subject: Re: qipc/quad scheduling order.DOC

The documents are sitting on my secretary's desk marked and ready to go.  The responses are also ready.  I called yesterday
and sent at least one e-mail knowing that I had to be in NYC today.  I called yesterday to discuss the fact that other than the
scheduling of the QI witness depositions, there is absolutely no reason not to have this hearing on the 1st.  I will try and call
this afternoon.

Frederick A. Tecce, Esq.
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com


-----Original Message-----
From: Langfitt, David <DLangfitt@mmwr.com>
To: kassakm@whiteandwilliams.com <kassakm@whiteandwilliams.com>; onufrakm@whiteandwilliams.com
<onufrakm@whiteandwilliams.com>; Frederick A. Tecce <ftecce@mcshea-tecce.com>
Sent: Fri Nov 06 10:48:46 2009
Subject: FW: qipc/quad scheduling order.DOC

Gentlemen:  also, Quad/Tech has not responded to QIPC's discovery in any way.  We may want to place a date certain on that
in the order.  Please respond asap.  David


_____

From: Langfitt, David
Sent: Friday, November 06, 2009 10:07 AM
To: Michael N. Onufrak (onufrakm@whiteandwilliams.com); Michael O. Kassak (kassakm@whiteandwilliams.com);
Frederick A. Tecce
Subject: qipc/quad scheduling order.DOC


Gentlemen:  It's time to sign this and send it to the Court.  Can you agree to the terms?  It seems like we already have.  As to
the protective order, I will send Fred a revised para. seven
and try to work out all issues today.  David


David D. Langfitt

Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Langfitt, David
**Sent:** Friday, November 06, 2009 12:41 PM
**To:** Frederick A. Tecce
**Cc:** Michael N. Onufrak (onufrakm@whiteandwilliams.com); Michael O. Kassak (kassakm@whiteandwilliams.com)
**Subject:** revised para. seven

Fred: this is a compromise regarding para. 7 of the proposed protective order.  can you live with this?  we need to get this done. David


David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax


Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Langfitt, David
**Sent:** Friday, November 06, 2009 10:49 AM
**To:** kassakm@whiteandwilliams.com; Michael N. Onufrak (onufrakm@whiteandwilliams.com); Frederick A. Tecce
**Subject:** FW: qipc/quad scheduling order.DOC

Gentlemen: also, Quad/Tech has not responded to QIPC's discovery in any way.  We may want to place a date certain on that in the order.  Please respond asap.  David

---

**From:** Langfitt, David
**Sent:** Friday, November 06, 2009 10:07 AM
**To:** Michael N. Onufrak (onufrakm@whiteandwilliams.com); Michael O. Kassak (kassakm@whiteandwilliams.com); Frederick A. Tecce
**Subject:** qipc/quad scheduling order.DOC

Gentlemen: It's time to sign this and send it to the Court.  Can you agree to the terms?  It seems like we already have.  As to the protective order, I will send Fred a revised para. seven and try to work out all issues today.  David


David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax


Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Langfitt, David
**Sent:** Friday, November 06, 2009 10:07 AM
**To:** Michael N. Onufrak (onufrakm@whiteandwilliams.com); Michael O. Kassak
(kassakm@whiteandwilliams.com); Frederick A. Tecce
**Subject:** qipc/quad scheduling order.DOC

Gentlemen:  It's time to sign this and send it to the Court.  Can you agree to the terms?  It seems like we already have.  As to the protective order, I will send Fred a revised para. seven
and try to work out all issues today.  David


David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

-----Original Message-----
From: Langfitt, David
Sent: Wednesday, November 04, 2009 2:20 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: RE: Revised parargraph seven of protective order

Fred:  I will modify the language.  What we are concerned about is Leininger testifying
that his opinion is based on someone else's analysis and opinion, and the someone else is
unavailable for deposition and cross.  Were we to do that to Quad, I'd expect an objection
from you.  I'll send revised language in an effort to work this out and in light of your
trial, but you should know what our concerns are. David

-----Original Message-----
From: Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
Sent: Wednesday, November 04, 2009 12:11 PM
To: Langfitt, David
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: RE: Revised parargraph seven of protective order

I will not agree to the changes to subparagraphs (d) and (e).  There must be language in
there about a limitation on the use of the information at trial, either during cross or
direct.  Also, the language which would permit discovery of a non-testifying expert is too
broad.

At this point, Quad wants to get going with a hearing - as early as possible.  This whole
thing is holding up discovery needlessly.  As I said before, if you client doesn't want to
produce information about the workings of its system, that's fine. We're ready to go based
on its public disclosures and Rule 37 will deal with the rest.

-----Original Message-----
From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Tuesday, November 03, 2009 4:51 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: Revised parargraph seven of protective order

Fred:  attached is a revised paragraph seven for the protective order.
Please call me after you have reviewed it.  This protects everyone, and it's no different
from what is normally done with respect to FRCP discovery.  David

1

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Tuesday, November 03, 2009 5:50 PM
**To:** Langfitt, David
**Cc:** onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
**Subject:** RE: Revised parargraph seven of protective order

Won't do anything without talking to you and Mike first.

    -----Original Message-----
    **From:** Langfitt, David [mailto:DLangfitt@mmwr.com]
    **Sent:** Tuesday, November 03, 2009 5:50 PM
    **To:** Frederick A. Tecce
    **Cc:** onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
    **Subject:** RE: Revised parargraph seven of protective order

    <<qipc updated scheduling order.DOC>>

    Fred: we already agreed to December 17th, not the 1st, for the P.I. hearing. Our proposed scheduling order, which we discussed by telephone and sent to you Friday by email, contemplates that. Please recall that we agreed to put in that Order December 17th and 18th as the two days for the P.I. hearing. I respectfully request that you not inform the Court to set the date on any day it wishes, but rather, affirm your agreement to December 17th and 18th, so that Mike and I can submit the scheduling order to the court first thing tomorrow morning. Yours sincerely, David


    -----Original Message-----
    From: Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
    Sent: Tuesday, November 03, 2009 5:08 PM
    To: Langfitt, David
    Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
    Subject: RE: Revised paragraph seven of protective order

Will do.  Still on trial, but we had today off for election day.  I
spoke with the deputy.  The Court still has 12/1 and 12/17 available.
If my trial settles, which I will know tonight, Quad wants to ask for
12/1 and just get everything done between now and then.  I told the
deputy that defendants really prefer 12/17.  If my trial settles, and we
can't agree on a date, we may need to advise the court of that fact and
just let the judge set the date on 1 or 17.

-----Original Message-----
From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Tuesday, November 03, 2009 4:51 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: Revised parargraph seven of protective order


Fred:  attached is a revised paragraph seven for the protective order.
Please call me after you have reviewed it.  This protects everyone, and
it's no different from what is normally done with respect to FRCP
discovery.  David

| | |
|---|---|
| From: | Langfitt, David |
| Sent: | Tuesday, November 03, 2009 5:50 PM |
| To: | Frederick A. Tecce |
| Cc: | onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com |
| Subject: | RE: Revised parargraph seven of protective order |



qipc updated
scheduling order....

Fred:  we already agreed to December 17th, not the 1st, for the P.I. hearing.  Our proposed scheduling order, which we discussed by telephone and sent to you Friday by email, contemplates that.  Please recall that we agreed to put in that Order December 17th and 18th as the two days for the P.I. hearing.  I respectfully request that you not inform the Court to set the date on any day it wishes, but rather, affirm your agreement to December 17th and 18th, so that Mike and I can submit the scheduling order to the court first thing tomorrow morning.  Yours sincerely, David

-----Original Message-----
From: Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
Sent: Tuesday, November 03, 2009 5:08 PM
To: Langfitt, David
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: RE: Revised paragraph seven of protective order

Will do.  Still on trial, but we had today off for election day.  I
spoke with the deputy.  The Court still has 12/1 and 12/17 available.
If my trial settles, which I will know tonight, Quad wants to ask for
12/1 and just get everything done between now and then.  I told the
deputy that defendants really prefer 12/17.  If my trial settles, and we
can't agree on a date, we may need to advise the court of that fact and
just let the judge set the date on 1 or 17.

-----Original Message-----
From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Tuesday, November 03, 2009 4:51 PM
To: Frederick A. Tecce
Cc: onufrakm@whiteandwilliams.com; kassakm@whiteandwilliams.com
Subject: Revised parargraph seven of protective order


Fred:  attached is a revised paragraph seven for the protective order.

Please call me after you have reviewed it.  This protects everyone, and it's no different from what is normally done with respect to FRCP discovery.  David

From: Langfitt, David
Sent: Tuesday, November 03, 2009 4:51 PM
To: Frederick A. Tecce
Cc: Michael N. Onufrak (onufrakm@whiteandwilliams.com); Michael O. Kassak
(kassakm@whiteandwilliams.com)
Subject: Revised parargraph seven of protective order

Fred:  attached is a revised paragraph seven for the protective order.  Please call me
after you have reviewed it.  This protects everyone, and it's no different from what is
normally done with respect to FRCP discovery.  David

----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Sent: Fri Oct 30 17:52:43 2009
Subject: Paragraph 7

Here are my proposed changes to Paragraph 7

I had to write the last section from memory.  So, I may want to revisit it over the
weekend.  But, I send this to at least start the discussion.  Also, I haven't proof-read
it either.

Regards,


Fred

<<Protective Order Paragraph 7 Insert.docx>>

1