# EXHIBIT 6 (Part 2)

**From:** Langfitt, David
**Sent:** Friday, October 30, 2009 5:16 PM
**To:** Frederick A. Tecce
**Cc:** Onufrak, Michael; Michael O. Kassak (kassakm@whiteandwilliams.com)
**Subject:** written responses to discovery requests

Fred:

As contemplated by the proposed (but not yet signed) Scheduling Order, attached are QIPC B.V.'s written responses to discovery. The originals are being sent to your office by hand delivery, along with bates numbered documents QIPCBV 0000001-182, which are not confidential or subject to the proposed protective order.

David

David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Langfitt, David
**To:** Onufrak, Michael; Michael O. Kassak (kassakm@whiteandwilliams.com); Frederick A. Tecce
**Subject:** qipc updated scheduling order.DOC

FYI, as discussed


David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax


Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

----- Original Message -----
From: Langfitt, David
To: 'ftecce@mcshea-tecce.com' <ftecce@mcshea-tecce.com>
Cc: 'Onufrakm@whiteandwilliams.com' <Onufrakm@whiteandwilliams.com>;
'Kassakm@whiteandwilliams.com' <Kassakm@whiteandwilliams.com>
Sent: Fri Oct 30 08:28:13 2009
Subject: Re: quad v. qipc stipulated scheduling order 102809.DOC

Let's speak at 3PM.  We too received the call.  We too are proceeding on the assumption of
producing written answers, but we need the protective order in place to produce douments
and information.
December 17 would be fine with us and within the schedule discussed and contemplated.

--------------------------
Sent from my BlackBerry Wireless Handheld

----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Cc: Onufrak, Michael <Onufrakm@whiteandwilliams.com>; Kassak, Michael
<Kassakm@whiteandwilliams.com>
Sent: Fri Oct 30 07:13:10 2009
Subject: RE: quad v. qipc stipulated scheduling order 102809.DOC

Judge Robreno's deputy clerked called earlier this week while I was out of town.  The
Court thought the PI hearing was going to be on 11/2, although they couldn't find an order
indicating as much.  I spoke to the deputy and told him that although a date for the
hearing may have been discussed in open court, I didn't recall the Court providing us with
a specific date.


He indicated that the Court has one and half days starting either on December 1 or
December 17.  I am in Court in Burlington County all morning for the final pre-trial.  We
pick the jury Monday. Dave & Mike, if you're around this afternoon, I should be back in
the office by 3 to discuss scheduling and other issues.


We have been proceeding so as to be able to respond to QI's discovery today.  If we don't
produce Leininger's report today, it will be produced over the weekend.  As far as the
protective order is concerned, we are at a loss to understand QI's position on this issue

given that the testimony presented to date is that the mRC system merely uses technology old in the art. At this point, if QI isn't willing to execute the order provided last week, subject to my earlier objections, then we are going to proceed based upon the evidence already of record and will move under Rule 37(c) to preclude QI's introduction of any evidence or testimony regarding the mRC's functionality which is inconsistent with that represented on its web pages and in its publically available documents.


From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Wednesday, October 28, 2009 8:50 AM
To: Frederick A. Tecce
Cc: Onufrak, Michael; Kassak, Michael
Subject: quad v. qipc stipulated scheduling order 102809.DOC


Fred:  The attached is from Mike Onufrak and me.  We hope to reach agreement on this scheduling order and the protective order today so we can send both to the court.  David

**From:** Langfitt, David
**Sent:** Wednesday, October 28, 2009 10:36 AM
**To:** 'Frederick A. Tecce'
**Cc:** 'Onufrak, Michael'; 'Kassak, Michael'
**Subject:** quad v. qipc stipulated scheduling order 102809.DOC

Fred:  the prior version of the stipulated scheduling order had a typo and was less specific on the witnesses Quad would produce.  In the attached, we've fixed the typo and been more specific.  thanks, David

**From:** Langfitt, David
**Sent:** Wednesday, October 28, 2009 8:50 AM
**To:** Frederick A. Tecce
**Cc:** Onufrak, Michael; Kassak, Michael
**Subject:** quad v. qipc stipulated scheduling order 102809.DOC

Fred:  The attached is from Mike Onufrak and me.  We hope to reach agreement on this scheduling order and the protective order today so we can send both to the court.  David

**From:** Langfitt, David
**Sent:** Tuesday, October 27, 2009 2:40 PM
**To:** 'ftecce@mcshea-tecce.com'
**Cc:** 'Onufrakm@whiteandwilliams.com'
**Subject:** protective order

Fred,

We cannot agree to have Attorneys-Eyes only information shared with unidentified experts. As a compromise we will agree that information designated "confidential" may be shared with experts without the need to designate and object, as long as the expert executes the declaration. We have also specified that objection to an expert must be based on a reasonable belief that the party objecting would be harmed by the disclosure of Confidential Information to the individual objected to. These clauses are commonly approved of by the courts in similar cases and the clause we are requesting is reasonable. See, e.g., *AFP Advanced Food Products LLC v. Snyder's of Hanover Mfg.*, No. 05-3006, 2006 WL 47374 at *6 (E.D. Pa. Jan 6, 2006) (issuing protective order with similar language); *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.*, 682 F. Supp. 20 (D. Del. 1988) (noting with approval protective orders which "mandated technical information be disclosed only to the receiving party's trial attorneys, and, with prior approval of the disclosing party and written assurances, to independent experts assisting the trial attorneys."); *Bone Care Int'l, LLC v. Pentech Pharms., Inc.*, No. 08 c 1083, 2009 WL 249386 at * 1 n.1 (N.D. Ill. Feb. 2. 2009) (noting that a protective order with similar language had been entered in the case at issue).

We attached a revised protective order and a redline to the prior version. As you will see, the revisions include the changes noted above, other minor changes made for consistency, the addition of specific categories of attorney's eyes only information, and a substantive change to Paragraph 3(C) dealing with modification to categories. With regard to Paragraph 3(C), we specifically felt that the Court would not allow changes to be made to the categories in the Court's order without Court approval.

If we are unable to come to an agreement regarding the identification of Experts, we suggest submitting the issue to the Court by letter brief and requesting the Court engage in a conference call with counsel to resolve this issue rather than wasting the Court's and the parties' resources with motion practice. We hope we can come to an agreement.

David

David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street

Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Monday, October 26, 2009 4:43 PM
**To:** Rosenberger Altman, Jo; Onufrakm@whiteandwilliams.com
**Cc:** Langfitt, David; Axenfeld, Robert R.
**Subject:** RE: QT v. QIPC, et al.

Most of this looks alright. However, we will not agree to the provisions set forth in Paragraph 7. We will agree to maintain the Acknowledgments and produce them at the close of the litigation. However, we will not agree to the requirement that we first identify experts.

**From:** Rosenberger Altman, Jo [mailto:JAltman@mmwr.com]
**Sent:** Friday, October 23, 2009 12:52 PM
**To:** Onufrakm@whiteandwilliams.com; Frederick A. Tecce
**Cc:** Langfitt, David; Axenfeld, Robert R.
**Subject:** QT v. QIPC, et al.

Counsel: I attach a revised draft protective order with a redline to the version Mr. Tecce sent Wednesday morning. Please let me know your thoughts at your earliest convenience.

Thank you,

Jo Rosenberger Altman
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
Phone: 215-772-7497
Fax:  215-731-3653

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Rosenberger Altman, Jo
**Sent:** Friday, October 23, 2009 12:52 PM
**To:** 'Onufrakm@whiteandwilliams.com'; 'ftecce@mcshea-tecce.com'
**Cc:** Langfitt, David; Axenfeld, Robert R.
**Subject:** QT v. QIPC, et al.

Counsel:  I attach a revised draft protective order with a redline to the version Mr. Tecce sent Wednesday morning.  Please let me know your thoughts at your earliest convenience.

Thank you,


Jo Rosenberger Altman
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
Phone: 215-772-7497
Fax:  215-731-3653

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David; Onufrak, Michael <Onufrakm@whiteandwilliams.com>
Sent: Wed Oct 21 07:02:49 2009
Subject: Proposed Protective Order

Attached please find a proposed protective order.  It provides that designation as
"Attorneys Eyes Only" precludes disclosure of any material so-designated to any party or
their in-house counsel.

As noted in the Order, this is preliminary and for the purposes of the PI.  If we can't
ultimately reach some type of an agreement and require Court intervention, there will
obviously be no waiver of the parties' positions, including those set forth in our
respective proposed agreements.

Regards,

Fred

Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com <file://www.mcshea-tecce.com>

<<Confidentiality Agreement.pdf>>

1

**From:** Rosenberger Altman, Jo
**Sent:** Monday, October 19, 2009 4:02 PM
**To:** 'Onufrakm@whiteandwilliams.com'; 'ftecce@mcshea-tecce.com'
**Cc:** Langfitt, David
**Subject:**

Counsel: I attach a draft protective order.  Please let me know your thoughts at your earliest convenience.

Thank you,

Jo Rosenberger Altman
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, Pennsylvania 19109
Phone: 215-772-7497
Fax:  215-731-3653

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

-----Original Message-----
From: Langfitt, David
Sent: Friday, September 25, 2009 2:56 PM
To: 'ftecce@mcshea-tecce.com'; 'Onufrakm@whiteandwilliams.com'
Subject: RE: Scheduling Order

Fred and Mike:  To accommodate Fred in connection with the recent email exchange below,
attached is a revised protective order that orders that access to information and
documents the defendants deem confidential shall limited to McShea & Tecce non-patent
prosecution counsel and expert/consultants (subject to the protective order's
restrictions).  We understand that Quad/Tech has not waived its right to expand access by
amendment to the order.
You will see that the substantive changes I have made are within paragraphs 5, 6, 7 and
cosmetic changes (for the sake of consistency) to some later paragraphs that cross-
reference the earlier ones.  Please review and get back to me.  David

-----Original Message-----
From: Langfitt, David
Sent: Wednesday, September 23, 2009 8:30 PM
To: 'ftecce@mcshea-tecce.com'
Cc: 'Onufrakm@whiteandwilliams.com'
Subject: Re: Scheduling Order

Quad/Tech has not waived any rights.

--------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Langfitt, David
Cc: Onufrak, Michael <Onufrakm@whiteandwilliams.com>
Sent: Wed Sep 23 19:42:29 2009
Subject: RE: Scheduling Order

Fair enough.  Provided there is no question that if necessary, Quad has not waived it's
right to argue that access should be granted to others.


From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Wednesday, September 23, 2009 4:42 PM
To: Frederick A. Tecce
Cc: Onufrak, Michael
Subject: RE: Scheduling Order


1

Fred:  my clients require a protective order before any production.  I'm happy to revise the protective order to restrict access to all information provided to outside counsel only (but not to patent prosecution attorneys whatsoever).  The order can be modified by agreement thereafter.  It happens all the time.  But we can't produce sensitive, confidential information absent a protective order in place.  David

---

From: Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
Sent: Wednesday, September 23, 2009 3:56 PM
To: Langfitt, David
Cc: Onufrak, Michael
Subject: RE: Scheduling Order

Maybe there has been a misunderstanding - - I'm talking about for the purposes of producing documents for the PI hearing and until we resolve the issues raised in your memo, my office and I will treat ALL documents produced by the defendants as limited to outside counsel - - at some point, depending on how the issues are resolved, the identity of people that can see ATTORNEYS EYES ONLY documents, may change - - of course, it may also not change - - I just don't want there to be any misunderstandings.

---

From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Wednesday, September 23, 2009 3:51 PM
To: Frederick A. Tecce
Cc: Onufrak, Michael
Subject: RE: Scheduling Order

I'll revise that aspect of the order only.  absent any objection to any other provision, I'll assume the clean version I provided Friday, as modified by your statement below, is acceptable.

---

From: Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
Sent: Wednesday, September 23, 2009 3:43 PM
To: Langfitt, David
Cc: Onufrak, Michael
Subject: RE: Scheduling Order

I have been discussing the protective order issues with my client.  We really shouldn't hold up discovery on that point - - we will agree to treat ALL documents as CONFIDENTIAL - - OUTSIDE COUNSEL ONLY pending the resolution of the protective order issues

---

From: Langfitt, David [mailto:DLangfitt@mmwr.com]
Sent: Wednesday, September 23, 2009 3:43 PM
To: Frederick A. Tecce
Cc: Onufrak, Michael
Subject: Scheduling Order

Fred:  I'm following up on our meeting last Friday to update you on the QIPC defendants' ability to provide written responses to discovery and documents BEFORE October 2.  We currently have in our possession documents from QIPC, North America and are reviewing them now.  We do not expect documents from QIPC B.V. until September 28 and will have to review them at that time.  As to the documents from QIPC North America, we might be able to

provide responsive documents and written responses to the Quad/Tech's discovery requests by this Friday; however, that will occur only if a satisfactory protective order is signed and approved by the Court.  I have discussed this last issue with Mike, and he understands that you are working on the protective order I provided to you on Friday (and originally on September 10, even though you did not received it within your email system).  Please let us know your thoughts on the order.  David


David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Langfitt, David
**Sent:** Wednesday, September 23, 2009 4:42 PM
**To:** Frederick A. Tecce
**Cc:** Onufrak, Michael
**Subject:** RE: Scheduling Order

Fred: my clients require a protective order before any production. I'm happy to revise the protective order to restrict access to all information provided to **outside counsel only** (but not to patent prosecution attorneys whatsoever). The order can be modified by agreement thereafter. It happens all the time. But we can't produce sensitive, confidential information absent a protective order in place. David

---

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Wednesday, September 23, 2009 3:56 PM
**To:** Langfitt, David
**Cc:** Onufrak, Michael
**Subject:** RE: Scheduling Order

Maybe there has been a misunderstanding - - I'm talking about for the purposes of producing documents for the PI hearing and until we resolve the issues raised in your memo, my office and I will treat ALL documents produced by the defendants as limited to outside counsel - - at some point, depending on how the issues are resolved, the identity of people that can see ATTORNEYS EYES ONLY documents, may change - - of course, it may also not change - - I just don't want there to be any misunderstandings.

---

**From:** Langfitt, David [mailto:DLangfitt@mmwr.com]
**Sent:** Wednesday, September 23, 2009 3:51 PM
**To:** Frederick A. Tecce
**Cc:** Onufrak, Michael
**Subject:** RE: Scheduling Order

I'll revise that aspect of the order only. absent any objection to any other provision, I'll assume the clean version I provided Friday, as modified by your statement below, is acceptable.

---

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Wednesday, September 23, 2009 3:43 PM
**To:** Langfitt, David
**Cc:** Onufrak, Michael
**Subject:** RE: Scheduling Order

I have been discussing the protective order issues with my client. We really shouldn't hold up discovery

on that point - - we will agree to treat ALL documents as CONFIDENTIAL - - OUTSIDE COUNSEL ONLY pending the resolution of the protective order issues

---

**From:** Langfitt, David [mailto:DLangfitt@mmwr.com]
**Sent:** Wednesday, September 23, 2009 3:43 PM
**To:** Frederick A. Tecce
**Cc:** Onufrak, Michael
**Subject:** Scheduling Order

Fred:  I'm following up on our meeting last Friday to update you on the QIPC defendants' ability to provide written responses to discovery and documents BEFORE October 2.  We currently have in our possession documents from QIPC, North America and are reviewing them now.  We do not expect documents from QIPC B.V. until September 28 and will have to review them at that time.  As to the documents from QIPC North America, we might be able to provide responsive documents and written responses to the Quad/Tech's discovery requests by this Friday; however, that will occur only if a satisfactory protective order is signed and approved by the Court.  I have discussed this last issue with Mike, and he understands that you are working on the protective order I provided to you on Friday (and originally on September 10, even though you did not received it within your email system).  Please let us know your thoughts on the order.  David


David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Langfitt, David
**Sent:** Wednesday, September 23, 2009 3:51 PM
**To:** Frederick A. Tecce
**Cc:** Onufrak, Michael
**Subject:** RE: Scheduling Order

I'll revise that aspect of the order only.  absent any objection to any other provision, I'll assume the clean version I provided Friday, as modified by your statement below, is acceptable.

---

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Wednesday, September 23, 2009 3:43 PM
**To:** Langfitt, David
**Cc:** Onufrak, Michael
**Subject:** RE: Scheduling Order

I have been discussing the protective order issues with my client.  We really shouldn't hold up discovery on that point - - we will agree to treat ALL documents as CONFIDENTIAL - - OUTSIDE COUNSEL ONLY pending the resolution of the protective order issues

---

**From:** Langfitt, David [mailto:DLangfitt@mmwr.com]
**Sent:** Wednesday, September 23, 2009 3:43 PM
**To:** Frederick A. Tecce
**Cc:** Onufrak, Michael
**Subject:** Scheduling Order

Fred:  I'm following up on our meeting last Friday to update you on the QIPC defendants' ability to provide written responses to discovery and documents BEFORE October 2.  We currently have in our possession documents from QIPC, North America and are reviewing them now.  We do not expect documents from QIPC B.V. until September 28 and will have to review them at that time.  As to the documents from QIPC North America, we might be able to provide responsive documents and written responses to the Quad/Tech's discovery requests by this Friday; however, that will occur only if a satisfactory protective order is signed and approved by the Court.  I have discussed this last issue with Mike, and he understands that you are working on the protective order I provided to you on Friday (and originally on September 10, even though you did not received it within your email system).  Please let us know your thoughts on the order.  David

David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.

215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Langfitt, David
**Sent:** Wednesday, September 23, 2009 3:43 PM
**To:** Frederick A. Tecce (ftecce@mcshea-tecce.com)
**Cc:** Onufrak, Michael
**Subject:** Scheduling Order

Fred: I'm following up on our meeting last Friday to update you on the QIPC defendants' ability to provide written responses to discovery and documents BEFORE October 2. We currently have in our possession documents from QIPC, North America and are reviewing them now. We do not expect documents from QIPC B.V. until September 28 and will have to review them at that time. As to the documents from QIPC North America, we might be able to provide responsive documents and written responses to the Quad/Tech's discovery requests by this Friday; however, that will occur only if a satisfactory protective order is signed and approved by the Court. I have discussed this last issue with Mike, and he understands that you are working on the protective order I provided to you on Friday (and originally on September 10, even though you did not received it within your email system). Please let us know your thoughts on the order. David

David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Langfitt, David
**Sent:** Tuesday, September 22, 2009 1:10 PM
**To:** Frederick A. Tecce
**Cc:** Onufrakm@whiteandwilliams.com
**Subject:** RE: Stipulated Scheduling Order

Fred:  it appears that you have filed Quad/Tech's amended complaint twice, once Friday and again today.
They appear on the docket as document numbers 45 and 46.  Can you enlighten Mike and me as to why this was
done?   If there are any changes between the two filed documents, shouldn't document number 46 be the
"second amended amended complaint"?  Please advise.  David

---

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Monday, September 14, 2009 10:30 PM
**To:** Langfitt, David; Onufrakm@whiteandwilliams.com
**Subject:** RE: Stipulated Scheduling Order

David:

There was nothing tentative about our agreement.  All this really does is serve to compromise your
credibility.  We had a deal, and I expect you and your client to abide by it.  The dates recently proposed
are not acceptable to me or my client whose perception is that the QI Defendants are simply attempting
to delay resolution of the issues.

At this point, involving the Court would not be my first choice, buy you and your clients are not leaving
me with a lot of options.

> -----Original Message-----
> **From:** Langfitt, David [mailto:DLangfitt@mmwr.com]
> **Sent:** Monday, September 14, 2009 3:26 PM
> **To:** Frederick A. Tecce; Onufrakm@whiteandwilliams.com
> **Subject:** RE: Stipulated Scheduling Order
>
> Fred:
>
> We only had a tentative agreement that set some dates, and one of my clients is in the Netherlands.  You
> jumped the gun by serving discovery with nothing else in place.  Whatever we had agreed to, that
> agreement contemplated an order signed by the court to which we never agreed and never submitted to
> the court.  We also contemplated a protective order, which has not been agreed to.  There hadn't
> even been a rule 26(f) conference at the time we exchanged emails about dates.  Soon thereafter, we had
> a motion to dismiss pending, yet you expected rapid discovery.  The court has made it clear to all of us that

the court expects orderly discovery set forth in an agreed upon plan arising from a rule 26(f) conference. The plan Mike and I jointly submitted is acceptable to all defendants and should be acceptable to you. The difference of a week or two is immaterial and is not a basis for a dispute. Your client is not under an emergency situation. There is not even a product your client sells that uses the '577 patent. We respectfully request that you accept what we have proposed and use those dates as dates certain for the initial phase of this case. We'll all have certainty and proceed into November to a hearing date set by the court.

Respectfully,

David

---

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Monday, September 14, 2009 2:50 PM
**To:** Langfitt, David; Onufrakm@whiteandwilliams.com
**Subject:** RE: Stipulated Scheduling Order

More time for what? We're already 8 weeks beyond that which had originally been agreed upon.

This case really needs to keep moving.

> -----Original Message-----
> **From:** Langfitt, David [mailto:DLangfitt@mmwr.com]
> **Sent:** Monday, September 14, 2009 11:38 AM
> **To:** Frederick A. Tecce; Onufrakm@whiteandwilliams.com
> **Subject:** Re: Stipulated Scheduling Order

> Fred: we need more time. Also, the court said that the court would set the hearing date based on wjat he sees in the detailed 26f report. We think this is reasonable, particularly in light of the the fact that expert discovery will occur. David

> -------------------------
> Sent from my BlackBerry Wireless Handheld

> ----- Original Message -----
> From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
> To: Onufrak, Michael <Onufrakm@whiteandwilliams.com>; Langfitt, David
> Sent: Mon Sep 14 11:29:34 2009
> Subject: Stipulated Scheduling Order

> Mike:

> I generally don't work with Word, so I apologize if this is a mess. Here are my suggested changes. I tried to hi-lite what I added and strikeout what I deleted - but check it!

> Primarily, we would like to have this discovery done by early November so that the parties will be ready in accordance with the Court's indication that the hearing would be in early November. Obviously, if the Court moves the hearing back, we can adjust the schedule accordingly.

> Also, I don't understand why the QI Defendants need additional time to respond to Quad/Tech's already outstanding discovery requests.

> I am in Minneapolis preparing witnesses and will be in deposition tomorrow. Send me an e-mail if you want to try and has this stuff out on the phone at some point.

> Thanks,

Fred

Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com <file://www.mcshea-tecce.com>

<<MNO QUAD REVISED SCHEDULING ORDER 9-11-09 FAT Comments.DOC>>

**From:** Langfitt, David
**Sent:** Monday, September 14, 2009 3:26 PM
**To:** Frederick A. Tecce; Onufrakm@whiteandwilliams.com
**Subject:** RE: Stipulated Scheduling Order

Fred:

We only had a tentative agreement that set some dates, and one of my clients is in the Netherlands. You jumped the gun by serving discovery with nothing else in place. Whatever we had agreed to, that agreement contemplated an order signed by the court to which we never agreed and never submitted to the court. We also contemplated a protective order, which has not been agreed to. There hadn't even been a rule 26 (f) conference at the time we exchanged emails about dates. Soon thereafter, we had a motion to dismiss pending, yet you expected rapid discovery. The court has made it clear to all of us that the court expects orderly discovery set forth in an agreed upon plan arising from a rule 26(f) conference. The plan Mike and I jointly submitted is acceptable to all defendants and should be acceptable to you. The difference of a week or two is immaterial and is not a basis for a dispute. Your client is not under an emergency situation. There is not even a product your client sells that uses the '577 patent. We respectfully request that you accept what we have proposed and use those dates as dates certain for the initial phase of this case. We'll all have certainty and proceed into November to a hearing date set by the court.

Respectfully,

David

---

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Monday, September 14, 2009 2:50 PM
**To:** Langfitt, David; Onufrakm@whiteandwilliams.com
**Subject:** RE: Stipulated Scheduling Order

More time for what?  We're already 8 weeks beyond that which had originally been agreed upon.

This case really needs to keep moving.

-----Original Message-----
**From:** Langfitt, David [mailto:DLangfitt@mmwr.com]
**Sent:** Monday, September 14, 2009 11:38 AM
**To:** Frederick A. Tecce; Onufrakm@whiteandwilliams.com
**Subject:** Re: Stipulated Scheduling Order

Fred: we need more time. Also, the court said that the court would set the hearing date based on wjat he sees in the detailed 26f report. We think this is reasonable, particularly in light of the the fact that expert discovery will occur. David

---------------------------
Sent from my BlackBerry Wireless Handheld

----- Original Message -----
From: Frederick A. Tecce <ftecce@mcshea-tecce.com>
To: Onufrak, Michael <Onufrakm@whiteandwilliams.com>; Langfitt, David
Sent: Mon Sep 14 11:29:34 2009
Subject: Stipulated Scheduling Order

Mike:

I generally don't work with Word, so I apologize if this is a mess.  Here are my suggested changes.  I tried to hi-lite what I added and strikeout what I deleted - but check it!

Primarily, we would like to have this discovery done by early November so that the parties will be ready in accordance with the Court's indication that the hearing would be in early November.  Obviously, if the Court moves the hearing back, we can adjust the schedule accordingly.

Also, I don't understand why the QI Defendants need additional time to respond to Quad/Tech's already outstanding discovery requests.

I am in Minneapolis preparing witnesses and will be in deposition tomorrow.  Send me an e-mail if you want to try and has this stuff out on the phone at some point.

Thanks,

Fred

Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com <file://www.mcshea-tecce.com>

<<MNO QUAD REVISED SCHEDULING ORDER 9-11-09 FAT Comments.DOC>>

From: Langfitt, David
Sent: Friday, September 11, 2009 11:59 AM
To: ftecce@mcshea-tecce.com; Onufrak, Michael
Cc: Dimento, Mary Ellen
Subject: RE: Quad/Tech v. W.I. Press [WW-PHLDMS1.FID2536943]

Counsel: I approve of the revised Scheduling Order. One note of caution. We have not yet agreed on the Protective Order, and there is a possibility that it will not be entered and approved by the court on or before September 16. If it is not approved, there may be responsive documents or information one or both of your clients intend to produce on that date. Some of that information may be subject to the Protective Order and should not be produced until the Protective Order is approved and entered. David

From: Dimento, Mary Ellen [mailto:Dimentom@whiteandwilliams.com]
Sent: Friday, September 11, 2009 11:50 AM
To: ftecce@mcshea-tecce.com; Langfitt, David
Subject: Quad/Tech v. W.I. Press [WW-PHLDMS1.FID2536943]

Please review and get back to Mr. Onufrak. Thank you.

_____

**IRS Circular 230 Notice:** To ensure compliance with certain regulations promulgated by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code, or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein, unless expressly stated otherwise.

Mary Ellen DiMento
Legal Secretary to Michael N. Onufrak
and Geoffrey Paul Huling
**White and Williams LLP**
1650 Market Street
One Liberty Place, Suite 1800 | Philadelphia, PA 19103-7395
Direct Dial: 215.864.7175
dimentom@whiteandwilliams.com

****CONFIDENTIALITY NOTICE****

This E-Mail message and any documents accompanying this E-Mail transmission contain information from the law firm of White and Williams LLP which is "Privileged and confidential attorney-client communication and/or work product of counsel." If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution and/or the taking of or refraining from taking of any action in reliance on the contents of this E-Mail information is strictly prohibited and may result in legal action being instituted against you. Please reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately. Thank you.

<<MNO QUAD REVISED SCHEDULING ORDER 9-11-09.DOC>>

**From:** Langfitt, David
**Sent:** Thursday, September 10, 2009 4:28 PM
**To:** Frederick A. Tecce (ftecce@mcshea-tecce.com)
**Cc:** Onufrak, Michael
**Subject:** protective order 091009

Fred:

Attached please find a revised protective order.  Also attached is comparite so you can easily see the changes we made to the document you sent.

Your addition to paragraph 5(b) is acceptable, as is your addition of paragraph 22, as revised. Your changes to paragraph 9 and removal of paragraph 10 are not acceptable. Any protective order must contemplate some continued protection at trial.

With reference to your requests concerning Jeff Sanio, John Seymour and Jason Pauls, we cannot agree to disclose all confidential information to these individuals. Mr. Sanio is a founder of Quad/Tech, and we presume has some type of ownership interest in Quad/Tech, which is a division of Quad Graphics. Similarly, Mr. Seymour is a sales person for Quad Graphics, the parent of Quad/Tech and provided an affidavit regarding sales on behalf of Quad/Tech.

With reference to Mr. Pauls, as intellectual property counsel and a patent prosecutor, we believe he should be excluded from certain confidential material as he is a "competitive decision maker" in certain areas as this term is defined by the courts.  Specifically, Mr. Pauls appears to handle patent prosecution for Quad/Tech, so we cannot agree that he have access to (i) QIPC-Defendants' source code and other technical documents describing the structure and operation of QIPC-Defendants' products, (ii) QIPC-Defendants' research and development activities, and (iii) QIPC-Defendants' business plans and strategies, including plans and strategies for its products and intellectual property.  As he prosecutes patents for Quad/Tech, he will therefore inevitably have access to information he may use while prosecuting and preparing patent applications for Quad/Tech.

However, as a compromise we have revised the protective order to provide for three tiers of documents and disclosure, specifically "Confidential", "Confidential-Attorney Eyes Only" and "Technical Confidential - Non Patent-Bar Attorney Eyes Only" tiers. We will agree to Mr. Sanio, Mr. Seymour and Mr. Pauls having access to "Confidential" information subject to the restrictions of the protective order.  Please provide more information concerning Mr. Pauls role at Quad/Tech so that we can determine if it would be appropriate to to allow him access to "Confidential-Attorney Eyes Only" information.  As discussed above, we cannot agree to Mr. Pauls having access to information designated as Technical Confidential - Non Patent-Bar Attorney Eyes Only."  We have made some other changes that you will see on the redline.

Sincerely,

David

David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, forwarding or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

Gentlemen:

In addition to the changes in the document, we need to amend the Stipulated Protective Order to provide for the following:

(1)  Review of documents by Quad/Tech's Intellectual Property Counsel, Jason Pauls; and

(2)  Review of technical documents by Jeff Sainio (no longer a Quad/Tech employee - - is now with Quad Graphics and is no longer involved in the design and manufacture of control systems) or John  Seymour.

Obviously, these individuals will execute the Acknowledgment.

Lastly, I'm not sure of the reference to Paragraphs 9(a) through (c) in Paragraph 1.

Thanks

Fred

Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com

**From:** Frederick A. Tecce [mailto:ftecce@mcshea-tecce.com]
**Sent:** Wednesday, September 02, 2009 10:02 AM
**To:** Langfitt, David; Onufrak, Michael
**Subject:** Stipulated Protective Order

Attached please find my comments to the stipulated protective order sent over by David on August 4.  I think my changes are clearly noted, but if not, give me a call.

Regards,

Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com

<<quad tech v. qipc stipulated protective order 072309 (2) FAT.DOC>>