# EXHIBIT 7

**From:** Frederick A. Tecce
**Sent:** Wednesday, September 02, 2009 10:14 AM
**To:** Langfitt, David; Onufrak, Michael
**Subject:** Additional Issues - Stipulated Protective Order

Gentlemen:

In addition to the changes in the document, we need to amend the Stipulated Protective Order to provide for the following:

(1)  Review of documents by Quad/Tech's Intellectual Property Counsel, Jason Pauls; and

(2)  Review of technical documents by Jeff Sainio (no longer a Quad/Tech employee - - is now with Quad Graphics and is no longer involved in the design and manufacture of control systems) or John  Seymour.

Obviously, these individuals will execute the Acknowledgment.

Lastly, I'm not sure of the reference to Paragraphs 9(a) through (c) in Paragraph 1.

Thanks

Fred

Frederick A. Tecce, Esquire
McShea\Tecce, P.C.
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
215-599-0800
215-599-0888 (Fax)
www.mcshea-tecce.com

# EXHIBIT 8

**From:** Langfitt, David
**Sent:** Thursday, September 10, 2009 4:28 PM
**To:** Frederick A. Tecce (ftecce@mcshea-tecce.com)
**Cc:** Onufrak, Michael
**Subject:** protective order 091009

Fred:

Attached please find a revised protective order.  Also attached is comparite so you can easily see the changes we made to the document you sent.

Your addition to paragraph 5(b) is acceptable, as is your addition of paragraph 22, as revised. Your changes to paragraph 9 and removal of paragraph 10 are not acceptable. Any protective order must contemplate some continued protection at trial.

With reference to your requests concerning Jeff Sanio, John Seymour and Jason Pauls, we cannot agree to disclose all confidential information to these individuals. Mr. Sanio is a founder of Quad/Tech, and we presume has some type of ownership interest in Quad/Tech, which is a division of Quad Graphics. Similarly, Mr. Seymour is a sales person for Quad Graphics, the parent of Quad/Tech and provided an affidavit regarding sales on behalf of Quad/Tech.

With reference to Mr. Pauls, as intellectual property counsel and a patent prosecutor, we believe he should be excluded from certain confidential material as he is a "competitive decision maker" in certain areas as this term is defined by the courts.  Specifically, Mr. Pauls appears to handle patent prosecution for Quad/Tech, so we cannot agree that he have access to (i) QIPC-Defendants' source code and other technical documents describing the structure and operation of QIPC-Defendants' products, (ii) QIPC-Defendants' research and development activities, and (iii) QIPC-Defendants' business plans and strategies, including plans and strategies for its products and intellectual property.  As he prosecutes patents for Quad/Tech, he will therefore inevitably have access to information he may use while prosecuting and preparing patent applications for Quad/Tech.

However, as a compromise we have revised the protective order to provide for three tiers of documents and disclosure, specifically "Confidential", "Confidential-Attorney Eyes Only" and "Technical Confidential - Non Patent-Bar Attorney Eyes Only" tiers. We will agree to Mr. Sanio, Mr. Seymour and Mr. Pauls having access to "Confidential" information subject to the restrictions of the protective order.  Please provide more information concerning Mr. Pauls role at Quad/Tech so that we can determine if it would be appropriate to to allow him access to "Confidential-Attorney Eyes Only" information.  As discussed above, we cannot agree to Mr. Pauls having access to information designated as Technical Confidential - Non Patent-Bar Attorney Eyes Only."  We have made some other changes that you will see on the redline.

Sincerely,

David

David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

David D. Langfitt
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-7411 - Tel.
215-731-3850 - Fax

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, forwarding or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUAD/TECH, INCORPORATED, | ) | Civil Action No. 2:09-cv-02561-ECR |
| Plaintiff, | ) | |
| | ) | Hon. EDUARDO C. ROBRENO |
| v. | ) | |
| | ) | |
| Q.I. PRESS CONTROLS B.V., | ) | JURY TRIAL DEMANDED |
| Q.I. PRESS CONTROLS NORTH | ) | |
| AMERICA LTD., INC. | ) | |
| | ) | |
| and | ) | |

PRINT2FINISH, LLC,

Defendants.

## STIPULATION AND PROTECTIVE ORDER
## UNDER RULE 26(c), FEDERAL RULES OF CIVIL PROCEDURE

The undersigned parties in this case, Quad/Tech, Incorporated, Q.I. Press Controls, B.V.,

Q.I. Press Controls North America Ltd., Inc., and Print2Finish, LLC (hereinafter the "Parties")

hereby enter into this Stipulation and Protective Order, which applies in all respects to the above

captioned case (hereinafter the "Case") and the Parties.

WHEREAS, the Parties recognize that discovery in this Case may require the disclosure

of confidential business information, proprietary technology, and trade secrets (hereinafter the

"Confidential Information"); and

WHEREAS, the Parties recognize that the disclosure of the Confidential Information

would provide a competitor with sensitive proprietary information concerning the disclosing

Party's products and business; and

WHEREAS, the Parties agree that they must collectively protect the disclosing Party's

rights and Confidential Information but, at the same time, facilitate legitimate discovery relevant

DRAFT DATED AUGUST 4, 2009

to the disputed issues, and also agree that, subject to the right of any party to oppose discovery on any grounds permitted by the Federal Rules of Civil Procedure, that discovery in this Case should proceed under a Protective Order of the Court, pursuant to Fed. R. Civ. P. 26(c); and

WHEREAS, this Court finds (1) the unintended disclosure of trade secrets or confidential proprietary technology and/or business information could seriously and adversely affect a disclosing Party's business before the disclosing Party has a chance to correct or contain the disclosure; and (2) that the Parties have an interest in the privacy and secrecy of confidential proprietary technology and business information, which is not of a public nature or important to the public health and safety, this Court therefore concludes that there is "good cause" pursuant to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3rd Cir. 1994) and its progeny to justify the issuance of this Protective order.

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the ~~parties~~Parties, through their respective counsel, and ORDERED by this Court, as follows:

1.      In responding to any request for discovery, any Party may designate as "Confidential" any document, information, or testimony (regardless of how generated, stored or maintained) that the disclosing Party believes in good faith contains or constitutes Confidential Information, the public disclosure of which is likely to have the effect of causing harm to the disclosing Party, and is not within any of the exceptions enumerated in Paragraph ~~9~~13(a) through (~~e~~d) below, the disclosing Party may designate that information as Confidential Information under this Stipulation and Protective Order.

2.      If disclosure of Confidential Information to employees or officers of the requesting Party poses a risk of substantial competitive or other business harm to the disclosing

DRAFT DATED AUGUST 4, 2009

Party, the disclosing Party may designate the Confidential Information as "Confidential-Counsel Eyes Only." or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only".

(a)    As used in this Agreement, "Confidential-Counsel Eyes Only" means extremely sensitive Confidential Information whose disclosure to a Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(b)    As used in this Agreement, "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" means extremely sensitive Confidential Information whose disclosure to a Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means and such information includes: (i) source code or and other technical documents describing the structure or operation of a Party's products; (ii) research and development activities of a Party, or (iii) business plans and strategies for a Party's products or its intellectual property.

(c)    As used in this Agreement, Patent-Bar includes attorneys who are employees of a Party or its affiliated companies (subsidiaries, divisions, parent corporations) or outside counsel retained by a Party or its affiliated companies that prepare or prosecute any patent applications on behalf of such a Party or its affiliated companies.

3.    The fact that information is designated as "Confidential-Counsel", "Confidential-Counsel Eyes Only" or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" under this Order shall not determine or affect what a trier of fact may find to be confidential or proprietary.  In the absence of a stipulation of all the parties, the fact of such designation shall not be admissible at trial, and the trier of fact shall not be advised of such designation during the trial, if there is one.

~~DRAFT DATED AUGUST 4, 2009~~

4.      Confidential Information <u>disclosed pursuant to this agreement</u> shall be used ~~by~~ ~~the receiving party or parties~~ solely for the purpose of this Case and shall not be used for any other purpose during or after the Case.

5.      Documents may be designated as containing Confidential Information by:

(a)     Stamping on each page of the document "CONFIDENTIAL<u>,</u>" <u>"CONFIDENTIAL-COUNSEL EYES ONLY"</u> or <u>"</u>TECHNICAL CONFIDENTIAL<u>" – NON-</u> <u>PATENT-BAR</u> COUNSEL <u>EYES</u> ONLY<u>,</u>" or substantially similar words.  If the document or tangible item is not in paper form, the Producer shall use reasonable and clearly visible means to identify the document or item as Confidential Information.

(b)     If designated as such at the time of the deposition, all deposition testimony shall be treated as <u>"</u>Confidential~~/Counsel Only~~"<u>, "Confidential-Counsel Eyes Only" or</u> <u>"Technical Confidential – Non-Patent-Bar Counsel Eyes Only"</u> pursuant to this Protective order for a period of twenty-one (21) days after receipt of a copy of the complete deposition transcript by all of the Parties so that the disclosing Party (or another Party) may review the transcript and designate information disclosed therein as Confidential Information.  In addition, the disclosing party (or another Party) may designate information disclosed at a deposition as "Confidential" ~~or~~ "Confidential<u>/</u>-Counsel ~~Only"~~<u>Eyes Only" or Technical Confidential – Non-Patent-Bar Eyes</u> <u>Only</u>:

(i)     during the deposition, by requesting that the reporter place the appropriate legend as forth in paragraph (a) hereof on the pages of the transcript containing the Confidential Information; or

(ii)    within twenty-one (21) days after receipt of the transcript, by sending to all attorneys in this case a written list of the specific pages and lines of the

DRAFT DATED AUGUST 4, 2009

transcript that contain the Confidential Information and requesting that such list be affixed to the deposition transcript or any copy thereof.

6.   Confidential Information designated as "Confidential" may be disclosed, summarized or otherwise communicated in whole or in part to the following persons, who may make use of such information only in connection with this case:

(a)   Outside attorneys of record in this action employedwho are not employees of a Party but are retained by any partyParty to this action, including without limitation attorneys within the firms of Montgomery, McCracken, Walker & Rhoads, LLP, McShea/Tecce, P.C., and White and Williams LLP who are actively engaged in litigating and preparing for the trial, if any, of this case.

(b)   Essential clerical and paralegal personnel employed or otherwise retained by the outside attorneys of record in this case, whose access to the Confidential Information and things is necessary to store, process, and copy them and prepare pleadings, motions, and materials for counsel in connection with discovery, motion practice or trial of this case, provided that counsel informs such personnel of their obligations under this Order prior to such access.

(c)   Independent experts or consultants retained by a Party in this Case only (directly or by their counsel of record) for the purpose of assisting in this Case. Each expert or consultant must agree to be bound by the terms of this Protective Order by signing Attachment A (to be maintained by counsel retaining such person) and provide the disclosing Party ten (10) days written notice (hereinafter the "Expert Designation") before any disclosure of Confidential Information is made to the expert and/or consultant. The Expert Designation must include the name and business address of the expert or consultant, a current C.V. for that expert or consultant, a listing of the employment of that expert or consultant, all consulting and expert

-5-

~~DRAFT DATED AUGUST 4, 2009~~

relationships either in support of or adverse to any Party in this Case (or its parents, subsidiaries or affiliates), and all consulting and expert relationships over the past four years in the field of color registration and control.

(i)     Should a disclosing Party object to an expert's or consultant's receipt of Confidential Information, the objecting Party shall serve written notice of its objection upon all Parties within ten (10) business days of receiving the Expert Designation. The parties shall confer and attempt to resolve any dispute.

(ii)    If the parties are unable to resolve the objection on an informal basis, the objecting Party may request, and will have the burden of establishing entitlement to, appropriate relief from the Court.  Any such relief shall be requested within twenty (20) days after service of the objection.

(iii)   No disclosure of Confidential Information shall be made to an expert or consultant until either (1) the expiration of ten (10) business days after service of the Expert Designation, without objection, or (2) the resolution of a pending motion in support of the objection to disclosure.

(d)     A designated mediator in this case, those court reporters and videographers who provide services at depositions and trial, and the Court and its staff.

(e)     Other persons whom the ~~parties~~ Parties agree in writing or as otherwise ordered by the Court.

(f)     Officers, directors, or employees, including in house counsel, of any ~~party~~ Party, who are performing duties in connection with this case, and who agree to be bound

DRAFT DATED AUGUST 4, 2009

by the terms of this Stipulation and Protective Order by signing attachment A and serving same on all parties.

(g)     Jeff Sanio and John Seymour, upon their agreement to be bound by the terms of this Stipulation and Order by signing attachment A and serving same on all parties.

(h)     (g) Nothing herein shall prevent a Producer of Confidential Information from using it own Confidential Information in any manner the Producer sees fit.

7.     All documents designated as Confidential shall normally be stored and maintained at the offices of outside attorneys of record or in their custody and control.

8.     Confidential Information designated as "Confidential-Counsel Eyes Only" may be disclosed, summarized or otherwise communicated in whole or in part only to:

(a)     Persons identified in paragraphs 6(a) through 6(e).

(b)     In house counsel of any Party in this case, including Patent Bar, who are performing duties in connection with this case and who are not competitive decision makers (hereinafter "Non-Competitive-Decision-Maker-In-House Counsel").  As used in this agreement, a competitive decision maker means counsel whose activities, associations, and relationship with a Party are such as to involve said counsel's advice and participation in any or all of the Party's decisions (pricing, product design, etc.).  Each Non-Competitive-Decision-Maker-In-House Counsel must agree to be bound by the terms of this Protective Order by signing Attachment A and provide the disclosing Party ten (10) days written notice (hereinafter the "Non-Competitive-Decision-Maker-In-House Counsel Designation").  The Non-Competitive-Decision-Maker-In-House Counsel Designation must include the name, positions, and duties and other activities held and performed by the Non-Competitive-Decision-Maker-In-House Counsel for the last ten (10) years for any Party in this Case, or its parents, subsidiaries or affiliates.

DRAFT DATED AUGUST 4, 2009

(i)     Should a disclosing Party object to a Non-Competitive-Decision-Maker-In-House Counsel 's receipt of Confidential Information, the objecting Party shall serve written notice of its objection upon all Parties within ten (10) business days of receiving the Non-Competitive-Decision-Maker-In-House Counsel Designation.  The Parties shall confer and attempt to resolve any dispute.

(ii)    If the Parties are unable to resolve the objection on an informal basis, the objecting Party may request, and will have the burden of establishing entitlement to, appropriate relief from the Court.  Any such relief shall be requested within twenty (20) days after service of the objection.

(iii)   No disclosure of Confidential Information shall be made to a Non-Competitive-Decision-Maker-In-House Counsel until either (1) the expiration of ten (10) business days after service of the Non-Competitive-Decision-Maker-In-House Counsel Designation, without objection, or (2) the resolution of a pending motion in support of the objection to disclosure.

(c)     Nothing herein shall prevent a disclosing Party from using or disclosing its own Confidential-Counsel Eyes Only information in any manner that Party sees fit.  All documents designated as Confidential-Counsel Eyes Only shall normally be stored and maintained at the offices of outside attorneys of record or in their custody and control.

9.     7. Confidential Information designated as "Confidential/Counsel Technical Confidential – Non-Patent Bar-Eyes Only" may be disclosed, summarized or otherwise communicated in whole or in part only to persons identified in paragraphs 6(a) to (g through 6(e). Nothing herein shall prevent a disclosing Party from using or disclosing its own

~~DRAFT DATED AUGUST 4, 2009~~

~~Confidential/Counsel Only information~~Technical Confidential – Non-Patent-Bar Eyes Only in

any manner that Party sees fit. All documents designated as ~~Confidential/Counsel Only shall~~

~~normally~~Technical Confidential – Non-Patent-Bar Eyes Only must be stored and maintained at

the offices of outside attorneys of record or in their custody and control~~.~~, but shall not be

permitted in the control of any Patent Bar.

      10.    ~~8.~~ All documents and things filed or lodged with the Court that contain

Confidential Information, and all pleadings or memoranda that disclose, reproduce, or

paraphrase such Confidential Information, shall be filed in a sealed envelope or other sealed

container on which shall be endorsed the title of this proceeding, an indication of the nature of

the contents of such sealed envelope or other container, the legend "CONFIDENTIAL

INFORMATION SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the

following form:

> This envelope contains documents filed in this case by [name].
> That information is subject to an existing Protective Order.  This
> envelope is not to be opened and the contents are not to be
> displayed or revealed except by Order of the Court.

Any ~~party~~Party filing or lodging Confidential Information with the Court shall do so in

conformance with Local Rule 5.1.5.

      11.    ~~9.~~ This Protective Order governs all depositions and discovery in this Case~~.~~

and the trial of this ~~Case~~case.

      12.    ~~10.~~ If at trial any Party seeks to present Confidential Information to the Court or

the jury, the presenting Party shall take reasonable steps in advance to clear the courtroom of

persons not permitted access to Confidential Information under paragraph 6.

DRAFT DATED AUGUST 4, 2009

13. 11. The restrictions set forth in the preceding paragraphs shall not apply to information that: (a) is or becomes public knowledge, in a manner not involving a violation of this Order; (b) is acquired by the non-designating partyParty from a third party lawfully in possession of such information and having no obligation to the owner thereof; (c) was in the lawful possession of the non-disclosing Party prior to disclosure in this action pursuant to this Order and for which the non-disclosing party has no obligation to the owner thereof or any party; or (d) is not, by its nature confidential, proprietary, or a trade secret.

14. 12. Nothing herein shall prevent any counsel of the partiesParties from using Confidential Information in the deposition of any person who is reasonably alleged to be the author, source, or recipient of the Confidential Information, irrespective of the disclosing Party that produced the Confidential Information.

15. 13. This Protective Order shall be without prejudice to the right of any Party:

(a)     To bring before the Court by motion, at any time, the question of whether information has been improperly designated as Confidential or, Confidential-Counsel Eyes Only, or Technical Confidential/ – Non-Patent Bar Counsel-Eyes Only, in which event the disclosing Party asserting confidentiality shall have the burden of establishing the same, except a Moving Party shall have the burden of establishing that the exceptions set forth in paragraph 11 do not13 apply;

(b)     To apply to the Court for relief from any requirements hereof for good cause; and

(c)     To assert any objection that may be applicable with regard to the document or information, or to oppose requests to disclose information as being beyond the scope of discovery authorized by the Federal Rules of Civil Procedure.

~~DRAFT DATED AUGUST 4, 2009~~

16.    ~~14.~~ No Party shall be obligated to challenge the propriety of any designation of Confidential Information, and a failure to do so shall not preclude any Party from challenging the propriety of such designation in the future.  The Parties, however, shall first try to resolve any dispute regarding designations of Confidential Information in good faith on an informal basis.

17.    ~~15.~~ The inadvertent or unintentional production of discovery materials without the designation of "Confidential" or "Confidential/_Counsel Eyes Only" or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" or without redaction of Confidential Information shall not be deemed a waiver in whole or in part of the disclosing Party's claim of confidential treatment under the terms of this Protective Order.  Any document that is produced without being designated "Confidential" ~~or ",~~" "Confidential-Counsel Eyes Only" or "Technical Confidential/ – Non-Patent-Bar Counsel Eyes Only" may be so designated, and the receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those listed in the above in Paragraph 6s and to prevent further use or disclosure of Confidential Information contained therein by such persons.

18.    ~~16.~~ At the final conclusion of this action (including any appeals), and unless the Court otherwise orders, any and all Confidential Information (in whatever form, including but not limited to all copies made) shall be (a) returned to the disclosing Party upon request, or (b) destroyed, provided that trial counsel for each party certifies in writing that such destruction has occurred.  Trial counsel <u>only</u> may retain one copy of all such papers for a period of three (3) years following termination of the Case (including all appeals), all which papers shall remain subject to all other provisions of this stipulation.  After three (3) years, all such papers

shall be returned to the producing party or destroyed under the terms of this paragraph set forth above.

19.   17. This Court shall retain jurisdiction over the Parties hereto and the persons designated pursuant to paragraph 6 paragraphs 6 and 8 above with respect to any dispute among them pertaining to improper use or dissemination of information and materials disclosed under protection of this Protective Order.

20.   18. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his/her client with respect to this Case and, in the course thereof, referring to or relying generally upon his examination of documents or information designated as Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not violate the terms of this Protective Order by disclosing Confidential Information that have been designated "Confidential/Counsel" or "Confidential-Counsel Eyes Only" or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only."

21.   19. If a Party that has possession, custody, or control of any disclosing Party's Confidential Information receives a subpoena, request, or other process or order to produce such Confidential Information in any legal proceeding other than this Case (and its appeals, if any), that Party shall immediately:

(a)   Notify counsel for the disclosing Party of the subpoena, request, or other process or order;

(b)   Furnish counsel for the disclosing Party with a copy of the subpoena, request, or other process or order in sufficient time within which the disclosing Party may take the necessary steps to quash or otherwise object to the subpoena or request; and

DRAFT DATED AUGUST 4, 2009

     (c)    Cooperate with respect to all reasonable procedures pursued by the disclosing Party whose interests may be affected.

22. ~~20.~~ Under the foregoing circumstances in paragraph 19 above, the disclosing Party who asserts the confidentiality designation shall have the burden of defending against such subpoena, request, or other process or order.

23. ~~21.~~ Under the foregoing circumstances in paragraph 19 above, the Party that received the subpoena, request, or other process or order shall be entitled to comply with it, except to the extent the disclosing Party (a) has promptly notified the Party that received the subpoena, request, other process or order of its intent to take immediate legal action in response to the subpoena, request, or order, and (b) actually takes such action.  In that circumstance, the Party subject to the subpoena, request, other process, or order shall not produce the Confidential Information while such disclosing Party's legal action is pending in response to the subpoena, request, or other process or order.

24. ~~22.~~ Nothing in this Stipulation and Order shall affect in way any party's rights to introduce Confidential~~-~~Counsel ~~Only~~ Eyes Only or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" material into  evidence during any hearing or trial in the above-captioned matter~~.~~, except as provided in Paragraph 12.

25. ~~22.~~ This order is subject to modification or dissolution by the Court upon notice to all counsel.

IT IS SO ORDERED:


Dated: _____      _____
                                     Hon. Eduardo C. Robreno
                                     United States District Judge

~~DRAFT DATED AUGUST 4, 2009~~

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUAD/TECH, INCORPORATED, | ) | Civil Action No. 2:09-cv-02561-ECR |
| Plaintiff, | ) | |
| | ) | Hon. EDUARDO C. ROBRENO |
| v. | ) | |
| | ) | |
| Q.I. PRESS CONTROLS B.V., | ) | JURY TRIAL DEMANDED |
| Q.I. PRESS CONTROLS NORTH | ) | |
| AMERICA LTD., INC. | ) | |
| | ) | |
| and | ) | |

PRINT2FINISH, LLC,

Defendants.

## CONSENT TO STIPULATION AND PROTECTIVE ORDER

I, the undersigned, _____ ~~have read the Stipulation and Protective Order entered by the Court in this case regarding the production of Confidential Information and/or Confidential Information/Counsel Only information. I accept the terms of the Stipulation and Protective Order and will abide by those terms. I understand that by signing this document, I will be allowed access to Confidential Information produced in this case.~~ state:

1.    I reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have read the Stipulation and Protective Order ("Order") entered by the Court and understand its provisions. As a condition precedent to receiving any Confidential Information, as defined in the Order, I agree to abide by all provisions of the Order, and to subject myself to personal jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to enforcement of the provisions of this Order. I understand that I am obligated, under Order, to hold in confidence and not disclose any Confidential Information except as permitted by the Order.

5.    I understand that I am to retain all copies of any documents designated as "CONFIDENTIAL", or "CONFIDENTIAL-COUNSEL EYES ONLY" or "TECHNICAL

~~DRAFT DATED AUGUST 4, 2009~~

CONFIDENTIAL – NON-PATENT-BAR EYES ONLY" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential Information (so designated above) are to be returned to counsel who provided me with such material.

     6.     I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to the Order, except as provided the Order.

     7.     I understand that if I violate the provisions of the Order, I will be in violation of a Court order, and subject to sanctions or other remedies that may be imposed by the Court and potentially liable for damages.

     8.     I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Dated :_____          _____

Document comparison done by Workshare DeltaView on Thursday, September 10, 2009 4:18:27 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://phdms/MMWR/2469962/1 |
| Document 2 | interwovenSite://phdms/MMWR/2469955/1 |
| Rendering set | MMWR Standard |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| No. | Change | Text |
| 1 | Deletion | DRAFT DATED AUGUST 4, 2009 |
| 2 | Change | "the "Parties") hereby...and Protective Order," changed to "the "Parties") hereby...and Protective Order," |
| 3-4 | Change | "STIPULATED, by and between the parties," changed to "STIPULATED, by and between the Parties," |
| 5 | Change | "document, information, or...Party believes" changed to "document, information, or...Party believes" |
| 6-7 | Change | "exceptions enumerated in Paragraph 9(a)" changed to "exceptions enumerated in Paragraph 13(a)" |
| 8-9 | Change | "(a) through (c)" changed to "(a) through (d)" |
| 10-11 | Change | "Confidential Information as "Confidential/Counsel" changed to "Confidential Information as "Confidential-Counsel" |

| 12 | Change | "Counsel Only" changed to "Counsel Eyes Only" |
|---|---|---|
| 13 | Change | "Only."" changed to "Only"" |
| 14 | Change | """ changed to "" or "Technical...Counsel Eyes Only"." |
| 15-16 | Insertion | (a)      As used in this...less restrictive means. |
| 17-18 | Insertion | (b)      As used in this...intellectual property. |
| 19-20 | Insertion | (c)      As used in this...affiliated companies. |
| 21-22 | Change | "information is designated...this Order shall not" changed to "information is designated...this Order shall not" |
| 23 | Change | "4.      Confidential Information shall be used" changed to "4.        Confidential...agreement shall be used" |
| 24 | Change | "shall be used by the...for the purpose of this" changed to "shall be used solely for the purpose of this" |
| 25 | Change | "page of the document "CONFIDENTIAL" or" changed to "page of the document...EYES ONLY" or" |
| 26 | Change | """ or CONFIDENTIAL" changed to "" or "TECHNICAL CONFIDENTIAL" |
| 27-28 | Change | "CONFIDENTIAL/COUNSEL" changed to "CONFIDENTIAL – NON-PATENT-BAR COUNSEL" |
| 29 | Change | "COUNSEL ONLY" changed to "COUNSEL EYES ONLY" |
| 30 | Change | "ONLY," or substantially similar words." changed to "ONLY" or substantially similar words." |
| 31 | Change | "deposition testimony...treated as Confidential" changed to "deposition testimony...treated as "Confidential" |
| 32-33 | Change | "Confidential/Counsel Only...to this Protective order" changed to "Confidential",...to this Protective order" |
| 34 | Change | "a deposition as "Confidential" or "Confidential" changed to "a deposition as "Confidential" "Confidential" |

| 35-36 | Change | ""Confidential/Counsel" changed to ""Confidential-Counsel" |
|---|---|---|
| 37-38 | Change | "Counsel Only":" changed to "Counsel Eyes Only" or...Eyes Only:" |
| 39-40 | Change | "attorneys of record in...action employed by any" changed to "attorneys of record in...but are retained by any" |
| 41-42 | Change | "by any party to this action, including without" changed to "by any Party to this action, including without" |
| 43-44 | Change | "(e)    Other persons whom...writing or as otherwise" changed to "(e)    Other persons whom...writing or as otherwise" |
| 45 | Change | "Officers, directors, or employees of any" changed to "Officers, directors, or...in house counsel, of any" |
| 46-47 | Change | "of any party, who are...duties in connection" changed to "of any Party, who are...duties in connection" |
| 48 | Insertion | Protective Order by...same on all parties. |
| 49-50 | Change | "." changed to "(g) Jeff Sanio and John...same on all parties." |
| 51 | Change | "Nothing herein shall prevent a Producer" changed to "(g) Nothing herein shall prevent a Producer" |
| 52-53 | Insertion | 7.    All documents...custody and control. |
| 54-55 | Insertion | 8.    Confidential...or in part only to: |
| 56-57 | Insertion | (a)    Persons identified in...6(a) through 6(e). |
| 58-59 | Insertion | (b)    In house counsel of...or affiliates. |
| 60-61 | Insertion | (i)    Should a disclosing...to resolve any dispute. |
| 62-63 | Insertion | (ii)    If the Parties are...of the objection. |
| 64-65 | Insertion | (iii)    No disclosure of...objection to disclosure. |
| 66-67 | Insertion | (c)    Nothing herein shall...sel Eyes |
| 68 | Moved to | Only information |
| 69 | Insertion | in any manner that Party...documents designated as |
| 70 | Moved to | Confidential |

| 71 | Insertion | -Counsel Eyes Only shall...custody and control. |
|----|-----------|--------------------------------------------------|
| 72 | Change | "Confidential Information designated" changed to "7. Confidential Information designated" |
| 73-74 | Change | "Confidential Information...be disclosed, summarized" changed to "Confidential Information...be disclosed, summarized" |
| 75-76 | Change | "persons identified in...herein shall prevent" changed to "persons identified in...herein shall prevent" |
| 77 | Deletion | from using or disclosing...own Confidential/Counsel |
| 78 | Moved from | Only information |
| 79 | Change | "in any manner that Party sees fit." changed to "Technical Confidential –...that Party sees fit." |
| 80 | Moved from | fit. All documents designated as Confidential |
| 81-82 | Change | "/Counsel Only shall...and maintained at the" changed to "Technical Confidential –...and maintained at the" |
| 83-84 | Change | "or in their custody and control." changed to "or in their custody and...of any Patent Bar." |
| 85 | Change | "All documents and things filed or" changed to "8. All documents and things filed or" |
| 86-87 | Change | "Any party filing or lodging" changed to "Any Party filing or lodging" |
| 88 | Change | "This Protective Order governs all" changed to "9. This Protective Order governs all" |
| 89 | Change | "depositions and discovery in this Case." changed to "depositions and discovery in this Case" |
| 90-91 | Change | "and the trial of this Case." changed to "and the trial of this case." |
| 92 | Change | "If at trial any Party seeks to present" changed to "10. If at trial any Party seeks to present" |
| 93 | Change | "The restrictions set forth in the" changed to "11. The restrictions set forth in the" |
| 94-95 | Change | "designating party from a third party lawfully in" changed to "designating Party from a third party lawfully in" |
| 96 | Change | "Nothing herein shall prevent any" changed to "12. Nothing herein shall prevent any" |
| 97-98 | Change | "shall prevent any counsel...the parties from using" changed to "shall prevent any counsel...the Parties from using" |
| 99 | Change | "This Protective Order shall be without" changed to "13. This Protective Order shall be without" |

| 100-101 | Change | "improperly designated as...or Confidential" changed to "improperly designated as...Technical Confidential" |
|---|---|---|
| 102-103 | Change | "Confidential/Counsel" changed to "Confidential – Non-Patent Bar Counsel" |
| 104 | Change | "Counsel Only, in which event the" changed to "Counsel-Eyes Only, in which event the" |
| 105-106 | Change | "exceptions set forth in...11 do not apply;" changed to "exceptions set forth in paragraph 13 apply;" |
| 107 | Change | "No Party shall be obligated to challenge" changed to "14. No Party shall be obligated to challenge" |
| 108 | Change | "The inadvertent or unintentional" changed to "15. The inadvertent or unintentional" |
| 109-110 | Change | ""Confidential" or "Confidential/Counsel" changed to ""Confidential" or "Confidential-Counsel" |
| 111 | Change | "Counsel Only"" changed to "Counsel Eyes Only"" |
| 112 | Change | "Only" or without redaction of Confidential" changed to "Only" or "Technical...of Confidential" |
| 113-114 | Change | "without being designated...or "Confidential" changed to "without being designated..."Technical Confidential" |
| 115-116 | Change | "Confidential/Counsel" changed to "Confidential – Non-Patent-Bar Counsel" |
| 117 | Change | "Counsel Only" may be so designated, and" changed to "Counsel Eyes Only" may be so designated, and" |
| 118 | Change | "listed in the above in Paragraph 6s and to" changed to "listed in the above in Paragraph 6 and to" |
| 119 | Change | "At the final conclusion of this" changed to "16. At the final conclusion of this" |
| 120 | Change | "This Court shall retain jurisdiction" changed to "17. This Court shall retain jurisdiction" |
| 121-122 | Change | "persons designated...respect to any dispute" changed to "persons designated...respect to any dispute" |
| 123 | Change | "Nothing in this Order shall bar" changed to "18. Nothing in this Order shall bar" |
| 124-125 | Change | "have been designated "Confidential/Counsel Only."" changed to "have been |

| | | designated...Counsel Eyes Only.'"" |
|---|---|---|
| 126 | Change | "If a Party that has possession," changed to "19. If a Party that has possession," |
| 127 | Change | "Under the foregoing circumstances" changed to "20. Under the foregoing circumstances" |
| 128 | Change | "Under the foregoing circumstances" changed to "21. Under the foregoing circumstances" |
| 129 | Change | "Nothing in this Stipulation and" changed to "22. Nothing in this Stipulation and" |
| 130-131 | Change | "rights to introduce Confidential/Counsel" changed to "rights to introduce Confidential-Counsel" |
| 132-133 | Change | "Counsel Only  material into" changed to "Counsel Eyes Only or...Eyes Only" material into" |
| 134-135 | Change | "trial in the above-captioned matter." changed to "trial in the...in Paragraph 12." |
| 136 | Change | "This order is subject to modification" changed to "22. This order is subject to modification" |
| 137 | Insertion | |
| 138 | Change | "I the undersigned, _____ " changed to "I, the undersigned, _____ " |
| 139-140 | Change | "the undersigned,...produced in this case." changed to "the undersigned, _____ state:" |
| 141 | Insertion | 1.      I reside at _____ . |
| 142 | Insertion | 2.      My present employer is _____ . |
| 143 | Insertion | 3.      My present occupation...is _____ . |
| 144 | Insertion | 4.      I have read the...permitted by the Order. |
| 145 | Insertion | 5.      I understand that I am...me with such material. |
| 146 | Insertion | 6.      I will not divulge to...as provided the Order. |
| 147 | Insertion | 7.      I understand that if I...liable for damages. |
| 148 | Insertion | 8.      I declare under...is true and correct. |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QUAD/TECH, INCORPORATED, )

      Plaintiff, )

   v. )

Q.I. PRESS CONTROLS B.V.,
Q.I. PRESS CONTROLS NORTH
AMERICA LTD., INC. )

and )

PRINT2FINISH, LLC,

       Defendants.

Civil Action No. 2:09-cv-02561-ECR

Hon. EDUARDO C. ROBRENO

JURY TRIAL DEMANDED

### STIPULATION AND PROTECTIVE ORDER
### UNDER RULE 26(c), FEDERAL RULES OF CIVIL PROCEDURE

The undersigned parties in this case, Quad/Tech, Incorporated, Q.I. Press Controls, B.V.,

Q.I. Press Controls North America Ltd., Inc., and Print2Finish, LLC (hereinafter the "Parties")

hereby enter into this Stipulation and Protective Order, which applies in all respects to the above

captioned case (hereinafter the "Case") and the Parties.

   WHEREAS, the Parties recognize that discovery in this Case may require the disclosure

of confidential business information, proprietary technology, and trade secrets (hereinafter the

"Confidential Information"); and

   WHEREAS, the Parties recognize that the disclosure of the Confidential Information

would provide a competitor with sensitive proprietary information concerning the disclosing

Party's products and business; and

   WHEREAS, the Parties agree that they must collectively protect the disclosing Party's

rights and Confidential Information but, at the same time, facilitate legitimate discovery relevant

to the disputed issues, and also agree that, subject to the right of any party to oppose discovery on any grounds permitted by the Federal Rules of Civil Procedure, that discovery in this Case should proceed under a Protective Order of the Court, pursuant to Fed. R. Civ. P. 26(c); and

WHEREAS, this Court finds (1) the unintended disclosure of trade secrets or confidential proprietary technology and/or business information could seriously and adversely affect a disclosing Party's business before the disclosing Party has a chance to correct or contain the disclosure; and (2) that the Parties have an interest in the privacy and secrecy of confidential proprietary technology and business information, which is not of a public nature or important to the public health and safety, this Court therefore concludes that there is "good cause" pursuant to *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3rd Cir. 1994) and its progeny to justify the issuance of this Protective order.

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and between the Parties, through their respective counsel, and ORDERED by this Court, as follows:

1.     In responding to any request for discovery, any Party may designate as "Confidential" any document, information, or testimony (regardless of how generated, stored or maintained) that the disclosing Party believes in good faith contains or constitutes Confidential Information, the public disclosure of which is likely to have the effect of causing harm to the disclosing Party, and is not within any of the exceptions enumerated in Paragraph 13(a) through (d) below, the disclosing Party may designate that information as Confidential Information under this Stipulation and Protective Order.

2.     If disclosure of Confidential Information to employees or officers of the requesting Party poses a risk of substantial competitive or other business harm to the disclosing

Party, the disclosing Party may designate the Confidential Information as "Confidential-Counsel Eyes Only" or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only".

(a)     As used in this Agreement, "Confidential-Counsel Eyes Only" means extremely sensitive Confidential Information whose disclosure to a Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(b)     As used in this Agreement, "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" means extremely sensitive Confidential Information whose disclosure to a Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means and such information includes: (i) source code or and other technical documents describing the structure or operation of a Party's products; (ii) research and development activities of a Party, or (iii) business plans and strategies for a Party's products or its intellectual property.

(c)     As used in this Agreement, Patent-Bar includes attorneys who are employees of a Party or its affiliated companies (subsidiaries, divisions, parent corporations) or outside counsel retained by a Party or its affiliated companies that prepare or prosecute any patent applications on behalf of such a Party or its affiliated companies.

3.     The fact that information is designated as "Confidential", "Confidential-Counsel Eyes Only" or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" under this Order shall not determine or affect what a trier of fact may find to be confidential or proprietary. In the absence of a stipulation of all the parties, the fact of such designation shall not be admissible at trial, and the trier of fact shall not be advised of such designation during the trial, if there is one.

4.      Confidential Information disclosed pursuant to this agreement shall be used solely for the purpose of this Case and shall not be used for any other purpose during or after the Case.

5.      Documents may be designated as containing Confidential Information by:

(a)      Stamping on each page of the document "CONFIDENTIAL," "CONFIDENTIAL-COUNSEL EYES ONLY" or "TECHNICAL CONFIDENTIAL – NON-PATENT-BAR COUNSEL EYES ONLY" or substantially similar words.  If the document or tangible item is not in paper form, the Producer shall use reasonable and clearly visible means to identify the document or item as Confidential Information.

(b)      If designated as such at the time of the deposition, all deposition testimony shall be treated as "Confidential", "Confidential-Counsel Eyes Only" or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" pursuant to this Protective order for a period of twenty-one (21) days after receipt of a copy of the complete deposition transcript by all of the Parties so that the disclosing Party (or another Party) may review the transcript and designate information disclosed therein as Confidential Information.  In addition, the disclosing party (or another Party) may designate information disclosed at a deposition as "Confidential" "Confidential-Counsel Eyes Only" or Technical Confidential – Non-Patent-Bar Eyes Only:

(i)      during the deposition, by requesting that the reporter place the appropriate legend as forth in paragraph (a) hereof on the pages of the transcript containing the Confidential Information; or

(ii)      within twenty-one (21) days after receipt of the transcript, by sending to all attorneys in this case a written list of the specific pages and lines of the

-4-

transcript that contain the Confidential Information and requesting that such list be affixed to the deposition transcript or any copy thereof.

6.    Confidential Information designated as "Confidential" may be disclosed, summarized or otherwise communicated in whole or in part to the following persons, who may make use of such information only in connection with this case:

(a)    Outside attorneys of record in this action who are not employees of a Party but are retained by any Party to this action, including without limitation attorneys within the firms of Montgomery, McCracken, Walker & Rhoads, LLP, McShea/Tecce, P.C., and White and Williams LLP who are actively engaged in litigating and preparing for the trial, if any, of this case.

(b)    Essential clerical and paralegal personnel employed or otherwise retained by the outside attorneys of record in this case, whose access to the Confidential Information and things is necessary to store, process, and copy them and prepare pleadings, motions, and materials for counsel in connection with discovery, motion practice or trial of this case, provided that counsel informs such personnel of their obligations under this Order prior to such access.

(c)    Independent experts or consultants retained by a Party in this Case only (directly or by their counsel of record) for the purpose of assisting in this Case.  Each expert or consultant must agree to be bound by the terms of this Protective Order by signing Attachment A (to be maintained by counsel retaining such person) and provide the disclosing Party ten (10) days written notice (hereinafter the "Expert Designation") before any disclosure of Confidential Information is made to the expert and/or consultant.  The Expert Designation must include the name and business address of the expert or consultant, a current C.V. for that expert or consultant, a listing of the employment of that expert or consultant, all consulting and expert

relationships either in support of or adverse to any Party in this Case (or its parents, subsidiaries or affiliates), and all consulting and expert relationships over the past four years in the field of color registration and control.

(i)     Should a disclosing Party object to an expert's or consultant's receipt of Confidential Information, the objecting Party shall serve written notice of its objection upon all Parties within ten (10) business days of receiving the Expert Designation. The parties shall confer and attempt to resolve any dispute.

(ii)     If the parties are unable to resolve the objection on an informal basis, the objecting Party may request, and will have the burden of establishing entitlement to, appropriate relief from the Court.  Any such relief shall be requested within twenty (20) days after service of the objection.

(iii)     No disclosure of Confidential Information shall be made to an expert or consultant until either (1) the expiration of ten (10) business days after service of the Expert Designation, without objection, or (2) the resolution of a pending motion in support of the objection to disclosure.

(d)     A designated mediator in this case, those court reporters and videographers who provide services at depositions and trial, and the Court and its staff.

(e)     Other persons whom the Parties agree in writing or as otherwise ordered by the Court.

(f)     Officers, directors, or employees, including in house counsel, of any Party, who are performing duties in connection with this case, and who agree to be bound by the

terms of this Stipulation and Protective Order by signing attachment A and serving same on all parties.

(g)     Jeff Sanio and John Seymour, upon their agreement to be bound by the terms of this Stipulation and Order by signing attachment A and serving same on all parties.

(h)     Nothing herein shall prevent a Producer of Confidential Information from using it own Confidential Information in any manner the Producer sees fit.

7.     All documents designated as Confidential shall normally be stored and maintained at the offices of outside attorneys of record or in their custody and control.

8.     Confidential Information designated as "Confidential-Counsel Eyes Only" may be disclosed, summarized or otherwise communicated in whole or in part only to:

(a)     Persons identified in paragraphs 6(a) through 6(e).

(b)     In house counsel of any Party in this case, including Patent Bar, who are performing duties in connection with this case and who are not competitive decision makers (hereinafter "Non-Competitive-Decision-Maker-In-House Counsel"). As used in this agreement, a competitive decision maker means counsel whose activities, associations, and relationship with a Party are such as to involve said counsel's advice and participation in any or all of the Party's decisions (pricing, product design, etc.). Each Non-Competitive-Decision-Maker-In-House Counsel must agree to be bound by the terms of this Protective Order by signing Attachment A and provide the disclosing Party ten (10) days written notice (hereinafter the "Non-Competitive-Decision-Maker-In-House Counsel Designation"). The Non-Competitive-Decision-Maker-In-House Counsel Designation must include the name, positions, and duties and other activities held and performed by the Non-Competitive-Decision-Maker-In-House Counsel for the last ten (10) years for any Party in this Case, or its parents, subsidiaries or affiliates.

(i)     Should a disclosing Party object to a Non-Competitive-Decision-Maker-In-House Counsel 's receipt of Confidential Information, the objecting Party shall serve written notice of its objection upon all Parties within ten (10) business days of receiving the Non-Competitive-Decision-Maker-In-House Counsel Designation.  The Parties shall confer and attempt to resolve any dispute.

(ii)    If the Parties are unable to resolve the objection on an informal basis, the objecting Party may request, and will have the burden of establishing entitlement to, appropriate relief from the Court.  Any such relief shall be requested within twenty (20) days after service of the objection.

(iii)   No disclosure of Confidential Information shall be made to a Non-Competitive-Decision-Maker-In-House Counsel until either (1) the expiration of ten (10) business days after service of the Non-Competitive-Decision-Maker-In-House Counsel Designation, without objection, or (2) the resolution of a pending motion in support of the objection to disclosure.

(c)     Nothing herein shall prevent a disclosing Party from using or disclosing its own Confidential-Counsel Eyes Only information in any manner that Party sees fit.  All documents designated as Confidential-Counsel Eyes Only shall normally be stored and maintained at the offices of outside attorneys of record or in their custody and control.

9.      Confidential Information designated as "Technical Confidential – Non-Patent Bar-Eyes Only" may be disclosed, summarized or otherwise communicated in whole or in part only to persons identified in paragraphs 6(a) through 6(e).  Nothing herein shall prevent a disclosing Party from using or disclosing its own Technical Confidential – Non-Patent-Bar

Eyes Only in any manner that Party sees fit. All documents designated as Technical Confidential – Non-Patent-Bar Eyes Only must be stored and maintained at the offices of outside attorneys of record or in their custody and control, but shall not be permitted in the control of any Patent Bar.

10.     All documents and things filed or lodged with the Court that contain Confidential Information, and all pleadings or memoranda that disclose, reproduce, or paraphrase such Confidential Information, shall be filed in a sealed envelope or other sealed container on which shall be endorsed the title of this proceeding, an indication of the nature of the contents of such sealed envelope or other container, the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains documents filed in this case by [name].
> That information is subject to an existing Protective Order. This
> envelope is not to be opened and the contents are not to be
> displayed or revealed except by Order of the Court.

Any Party filing or lodging Confidential Information with the Court shall do so in conformance with Local Rule 5.1.5.

11.     This Protective Order governs all depositions and discovery in this Case and the trial of this case.

12.     If at trial any Party seeks to present Confidential Information to the Court or the jury, the presenting Party shall take reasonable steps in advance to clear the courtroom of persons not permitted access to Confidential Information under paragraph 6.

13.     The restrictions set forth in the preceding paragraphs shall not apply to information that: (a) is or becomes public knowledge, in a manner not involving a violation of

this Order; (b) is acquired by the non-designating Party from a third party lawfully in possession of such information and having no obligation to the owner thereof; (c) was in the lawful possession of the non-disclosing Party prior to disclosure in this action pursuant to this Order and for which the non-disclosing party has no obligation to the owner thereof or any party; or (d) is not, by its nature confidential, proprietary, or a trade secret.

14.    Nothing herein shall prevent any counsel of the Parties from using Confidential Information in the deposition of any person who is reasonably alleged to be the author, source, or recipient of the Confidential Information, irrespective of the disclosing Party that produced the Confidential Information.

15.    This Protective Order shall be without prejudice to the right of any Party:

(a)    To bring before the Court by motion, at any time, the question of whether information has been improperly designated as Confidential, Confidential-Counsel Eyes Only, or Technical Confidential – Non-Patent Bar Counsel-Eyes Only, in which event the disclosing Party asserting confidentiality shall have the burden of establishing the same, except a Moving Party shall have the burden of establishing that the exceptions set forth in paragraph 13 apply;

(b)    To apply to the Court for relief from any requirements hereof for good cause; and

(c)    To assert any objection that may be applicable with regard to the document or information, or to oppose requests to disclose information as being beyond the scope of discovery authorized by the Federal Rules of Civil Procedure.

16.    No Party shall be obligated to challenge the propriety of any designation of Confidential Information, and a failure to do so shall not preclude any Party from challenging the propriety of such designation in the future. The Parties, however, shall first try to resolve

any dispute regarding designations of Confidential Information in good faith on an informal basis.

17.     The inadvertent or unintentional production of discovery materials without the designation of "Confidential" or "Confidential-Counsel Eyes Only" or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" or without redaction of Confidential Information shall not be deemed a waiver in whole or in part of the disclosing Party's claim of confidential treatment under the terms of this Protective Order. Any document that is produced without being designated "Confidential," "Confidential-Counsel Eyes Only" or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" may be so designated, and the receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those listed in the above in Paragraph 6 and to prevent further use or disclosure of Confidential Information contained therein by such persons.

18.     At the final conclusion of this action (including any appeals), and unless the Court otherwise orders, any and all Confidential Information (in whatever form, including but not limited to all copies made) shall be (a) returned to the disclosing Party upon request, or (b) destroyed, provided that trial counsel for each party certifies in writing that such destruction has occurred. Trial counsel <u>only</u> may retain one copy of all such papers for a period of three (3) years following termination of the Case (including all appeals), all which papers shall remain subject to all other provisions of this stipulation. After three (3) years, all such papers shall be returned to the producing party or destroyed under the terms of this paragraph set forth above.

19.     This Court shall retain jurisdiction over the Parties hereto and the persons designated pursuant to paragraphs 6 and 8 above with respect to any dispute among them

pertaining to improper use or dissemination of information and materials disclosed under protection of this Protective Order.

20. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his/her client with respect to this Case and, in the course thereof, referring to or relying generally upon his examination of documents or information designated as Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not violate the terms of this Protective Order by disclosing Confidential Information that have been designated "Confidential" or ""Confidential-Counsel Eyes Only" or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only."

21. If a Party that has possession, custody, or control of any disclosing Party's Confidential Information receives a subpoena, request, or other process or order to produce such Confidential Information in any legal proceeding other than this Case (and its appeals, if any), that Party shall immediately:

(a) Notify counsel for the disclosing Party of the subpoena, request, or other process or order;

(b) Furnish counsel for the disclosing Party with a copy of the subpoena, request, or other process or order in sufficient time within which the disclosing Party may take the necessary steps to quash or otherwise object to the subpoena or request; and

(c) Cooperate with respect to all reasonable procedures pursued by the disclosing Party whose interests may be affected.

22.    Under the foregoing circumstances in paragraph 19 above, the disclosing Party who asserts the confidentiality designation shall have the burden of defending against such subpoena, request, or other process or order.

23.    Under the foregoing circumstances in paragraph 19 above, the Party that received the subpoena, request, or other process or order shall be entitled to comply with it, except to the extent the disclosing Party (a) has promptly notified the Party that received the subpoena, request, other process or order of its intent to take immediate legal action in response to the subpoena, request, or order, and (b) actually takes such action.  In that circumstance, the Party subject to the subpoena, request, other process, or order shall not produce the Confidential Information while such disclosing Party's legal action is pending in response to the subpoena, request, or other process or order.

24.    Nothing in this Stipulation and Order shall affect in way any party's rights to introduce Confidential-Counsel Eyes Only or "Technical Confidential – Non-Patent-Bar Counsel Eyes Only" material into evidence during any hearing or trial in the above-captioned matter, except as provided in Paragraph 12.

25.    This order is subject to modification or dissolution by the Court upon notice to all counsel.

IT IS SO ORDERED:


Dated: _____          _____

                                 Hon. Eduardo C. Robreno
                                 United States District Judge



-13-

ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QUAD/TECH, INCORPORATED,     )
                                    )   Civil Action No. 2:09-cv-02561-ECR
                Plaintiff,    )
                                    )   Hon. EDUARDO C. ROBRENO
   v.                           )
                                    )
Q.I. PRESS CONTROLS B.V.,    )
Q.I. PRESS CONTROLS NORTH   )   JURY TRIAL DEMANDED
AMERICA LTD., INC.          )
                                    )
and                            )

PRINT2FINISH, LLC,
                        Defendants.

## CONSENT TO STIPULATION AND PROTECTIVE ORDER

I, the undersigned, _____ state: _____

1.    I reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have read the Stipulation and Protective Order ("Order") entered by the Court and understand its provisions. As a condition precedent to receiving any Confidential Information, as defined in the Order, I agree to abide by all provisions of the Order, and to subject myself to personal jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to enforcement of the provisions of this Order. I understand that I am obligated, under Order, to hold in confidence and not disclose any Confidential Information except as permitted by the Order.

5.    I understand that I am to retain all copies of any documents designated as "CONFIDENTIAL", or "CONFIDENTIAL-COUNSEL EYES ONLY" or "TECHNICAL CONFIDENTIAL – NON-PATENT-BAR EYES ONLY" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential Information (so designated above) are to be returned to counsel who provided me with such material.

-14-

6.     I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to the Order, except as provided the Order.

7.     I understand that if I violate the provisions of the Order, I will be in violation of a Court order, and subject to sanctions or other remedies that may be imposed by the Court and potentially liable for damages.

8.     I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Dated :_____        _____