```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

    QUAD/TECH, INC.             :    CIVIL ACTION
                                :    NO. 09-2561
                                :
         Plaintiff,             :
                                :
    v.                          :
                                :
                                :
    Q.I. PRESS CONTROLS B.V.,   :
         et. al,                :
                                :
         Defendants.            :
```

### **O R D E R**

**AND NOW**, this **9th** day of **June, 2010**, it is hereby

**ORDERED** that Plaintiff's motion to remove Counts II-IV from the suspense docket (doc. no. 111) is **DENIED**.[1]

---

1.      Plaintiff Quad/Tech, Inc. ("Quad/Tech") filed the instant action against Defendants Q.I. Press Controls, B.V. ("Q.I., B.V."), Q.I. Press Controls North America, LTD., Inc. ("Q.I. N.A."), and Print2Finish, LLC ("Print2Finish") alleging the following claims: (Count I) infringement of claims of the "577 Patent," in violation of 35 U.S.C. § 271; (Count II) unfair competition under the Lanham Act, in violation of 15 U.S.C. § 1125(a); (Count III) tortious interference with prospective contractual relationships; and (Count IV) Pennsylvania common law unfair competition claim.

        On April 1, 2010, the Court denied Quad/Tech's motion for a preliminary injunction which Quad/Tech appealed to the Federal Circuit (doc. nos. 99 & 100). On April 20, 2010, Quad/Tech filed a motion for reconsideration of the Court's Order. On May 6, 2010, the Court denied Quad/Tech's motion for reconsideration, as there is an appeal pending (doc. no. 110). The Court also placed the case in suspense, pending the disposition of the appeal.

        Quad/Tech now argues the parties should be permitted to

———————————

complete discovery regarding the remaining claims: the Lanham Act, common law unfair competitive and tortious interference with prospective relationship claims.  Quad/Tech argues these claims are distinct from its patent infringement claim and that these claims will not be impacted by the outcome of the pending appeal.

More specifically, Quad/Tech argues that because Defendants have steadfastly argued throughout the litigation that the mRC system it sells in the U.S. does not operate in markless mode – they have admitted the false and/or misleading nature of the promotional materials that support Quad/Tech's arguments.  Quad/Tech believes Defendants have engaged in unfair competition and false advertising concerning the capabilities of their mRC system.

Quad/Tech argues it will suffer a manifest injustice if the Lanham Act and common law tort claims remain in suspense because it will be deprived of an opportunity to complete discovery and seek a prompt resolution.  Moreover, they argue that public policy concerns against false and misleading advertisements will not be served if Defendants are allowed to continue disseminating false information.

Quad/Tech emphasizes that whether the Federal Circuit affirms this Court's denial of the preliminary injunction or vacates the order, will have no impact on Defendants' defenses to the Lanham Act and common law tort claims.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  While the ordering of an indefinite stay can constitute an abuse of discretion, Dover v. Diguglielmo, 181 Fed. App'x 234, 237 (3d Cir. 2006) (citing Landis, 299 U.S. at 255), the Court is, nonetheless, empowered to stay proceedings pending the outcome of related proceedings. See Standard Sanitary Mfg. Co. v. United States, 226 U.S. 20, 52 (1912) (trial court has discretion under the Sherman Act to determine whether to stay a civil action pending outcome of a criminal trial); Cofab, Inc. v. Phila. Joint Bd. Amalgamated Clothing & Textile Workers Union, AFL CIO-CLC, 141 F.3d 105, 110 (3d Cir. 1998) (declining to issue writ of mandamus reversing an order staying a federal action pending completion of related proceedings before the National Labor Relations Board); Commonwealth Ins. Co. v. Underwriters,

---

Inc., 846 F.2d 196, 199 (3d Cir. 1988) (district court has discretion to stay litigation among non-arbitrating parties pending the outcome of a related arbitration).

"[The] decision [to stay litigation] is one left to the district court . . . as a matter of its discretion to control its docket." Mendez v. Puerto Rican Int'l Cos., 553 F.3d 709, 712 (3d Cir. 2009) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 n.23 (1983)). Generally, in the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues. Bechtel Corp. v. Local 215, Laborers' Int'l. Union of N. Am., AFL-CIO, 544 F.2d 1207, 1216 (3d Cir. 1976).

In determining whether a stay should be granted, the Court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55. Among the factors the Court must consider are whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy. See Airgas, Inc. v. Cravath, Swaine & Moore LLP, No. 10-612, 2010 WL 624955 (E.D. Pa. Feb. 22, 2010) (Robreno, J.) (conducting a competing interest analysis in deciding whether to grant a stay).

Plaintiff clearly has an interest in the expeditious resolution of the case. However, "the court may insist that plaintiff establish more 'prejudice' than simply the right to pursue his case and vindicate his claim expeditiously." State Farm Mutual Auto. Ins. Co. v. Beckham-Easley, No. 01-5530, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002); see also Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, 87 F.R.D. 53, 56 (E.D. Pa. 1980). Notably, delays in patent litigation are common - especially where there is a pending appeal on a district court's resolution of a motion for preliminary injunction.

Quad/Tech has made no allegation that a stay would result in dissipation of assets, loss of evidence or other similarly severe consequences. See, e.g., Citibank, N.A. v. Hakim, No. 92-6233, 1993 WL 481335, at *2 (S.D.N.Y. Nov.18, 1993). In fact, Quad/Tech has only argued to proceed with discovery and that trial under Counts II-IV can be continued until the conclusion of the appeal. In sum, Plaintiff has advanced no prejudice argument other than delay in pursuing the suit.

3

**AND IT IS SO ORDERED.**

        <u>s/Eduardo C. Robreno</u>
        **EDUARDO C. ROBRENO, J.**

---

    However, Defendants will be prejudiced if forced to bear the expense of proceeding with discovery now and after the Federal Circuit has rendered judgment on the appeal. From Quad/Tech's own submissions, it seems that there are at least some connections and interdependence between the patent infringement claim and Counts II-IV. The parties may very well have to re-depose certain witnesses after the stay on Count I is lifted. The burden on Defendants mirrors the Court's interest in judicial economy. Dispositive motions on Counts II-IV, separate from Count I, would likely create duplicative work and piecemeal litigation. The interests of judicial economy and avoiding an undue burden on Defendants weigh in favor of denying Plaintiff's motion.